THE STATE *v.* AUGUSTUS REEVES.

The court, on a trial for murder, may rightfully reject as incompetent a juror who has conscientious scruples against finding an unqualified verdict of guilty in a capital case, even after he was accepted, both by the State and by the defendant, if he has not been sworn.

Where the whole of the regular panel of jurors has been exhausted, without securing a single juror, the prisoner has no right to require the service upon him, two days before the trial, of the list of the jury *de talibus* which is summoned. In such case the court may proceed with the trial *instanter*.

APPEAL from the District Court of the parish of Rapides, *Ogden*, J. *Hines*, District Attorney, for the State. *Manning*, for defendant and appellants.

MERRICK, C. J. The defendant was convicted of the crime of murder. The jury qualified their verdict, and found without capital punishment. The record contains three bills of exceptions, but in the oral argument addressed to us by the defendant's counsel, only two of the bills were examined. They raise these two questions:

1st. Did the court err in rejecting a juror who, of his own accord, informed the court that he had conscientious scruples against serving as a juror in a capital case, after he had been accepted by both parties, but not yet sworn?

2d. The list of jurors contained in the regular panel, which was served on the prisoner, having been exhausted, and not a single juror therefrom having been sworn upon the petit jury, did the court err in ordering a jury *de talibus* to be summoned instanter, and in refusing a delay of two days in order to serve the list of such jury upon the accused?

I. On the first question, we have to observe that it was settled in the case of the *State* v. *Kennedy*, 8 Rob. 590, that where a juror answers on his *voir dire*, that he has conscientious scruples against finding a verdict of guilty in a capital case, he may be set aside for cause. This principle has been recognized in one or more recent decisions since the statute of May 29th, 1846, authorizing jurors in capital cases to qualify their verdicts was passed. See *State* v. *Melvin*, 11 An.

The District Judge did not err in deciding that the juror was incompetent after he had been accepted by both parties. The statement was made by the juror voluntarily, and not having been sworn, nothing prevented the court from ordering the juror to be set aside. He could not impartially try a case in which he was conscientiously opposed to finding an unqualified verdict in favor of the State under any circumstances, no matter what the proof might be. The Judge violated no right of the accused by requiring the jurors to be free and unbiased, (so to speak,) as well on the part of the State as the accused. Although the bill of exceptions does not expressly state that the juror was conscientiously opposed to finding an unqualified verdict of guilty in a capital case, yet we understand that to be the meaning of the bill of exceptions, and it was so argued, as we understand, by the counsel for the accused, and is so regarded in his brief.

II. On the second point the court did not err. The statute requiring the list of the jury which are to pass upon the trial of the accused to be delivered to him, at least two entire days before the trial, was complied with. The regular panel of jurors drawn to serve upon the trial of the accused is that intended by the statute, and it was served upon the accused. But this pannel was exhausted without securing therefrom a single juror. It was as much the duty of the Judge to order the jury to be impanneled from the bystanders, after exhausting the list served upon the accused, as it would have been to complete it, had it been partially formed from such list. The very terms of the law, by-standers or jurors *de talibus circumstantibus*, imply that the jury is to be impanneled from such persons as may be casually present having the qualifications of jurors. All idea of delay to form a list and make formal service is excluded. We see no error in the ruling of the District Judge in this respect.

We understood counsel to say that the other bill of exceptions in this case was abandoned. At all events it presents no serious question and requires no formal notice from us.

Judgment affirmed.