## No. 9353.

### E. P. BONNECAZE VS. MRS. ADELE BEER.

When, during the pendency of a lease, it is discovered that repairs are esseutial to secure the safety of the building, and which are urgent and not safely to be postponed, the lessor has the right, as it is his duty, to make them; and the rights of the parties are governed by Art. 2700, C. C. The lessee must submit to the inconveniences resulting therefrom, having the right to claim a diminution of rent, in case they last more than one month, or a total remission if he is compelled to abandon the premises.

He is not entitled to damages for unavoidable injury to his business or for annoyance and vexation. Injury to the lessee's stock and fixtures stands on a different footing, if occurring without fault of the lessee.

APPEAL from the Civil District Court for the Parish of Orleans. Houston, J.

*Chas. S. Rice* for Plaintiff and Appellant.

*Braughn, Buck & Dinkelspiel* for Defendant and Appellee.

The opinion of the Court was delivered by

FENNER, J. Plaintiff was the lessee from defendant of the ground floor of the building at the corner of Canal and Baronne streets for a term beginning on December 1, 1882 and ending on September 30, 1885.

In October, 1883, the lessee of the upper portion of said building, discovered and reported to the lessor that the middle wall of the building (which was a double four-story brick) was sinking.

This led to an examination by experts, including the City Surveyor, who decided that the building was unsafe. Long prior to the date of plaintiff's lease, the middle wall referred to had been partially cut away on the ground floor and it was supported on arches. The experts decided that, to make it safe, it was essential either to build props or supports under the arches or to lighten the weight of the superincumbent wall. The latter course was decided upon. In making the examinations, it was found necessary to enter on plaintiff's part of the premises to inspect the arches and for that purpose, to cut away the ornamental paper which he had placed there. This examination and the work found necessary to be done to the arches, lasted about two days and a half, and constituted the only actual entry upon plaintiff's premises.

But it was followed by other necessary work upon the upper portion of the wall and, it being at the same time discovered that the galleries on the upper floor required re-flooring, and that their supports were of insufficient strength, this work was also done and girders were let into the wall for its support.

The whole repairs lasted less than one month viz : from October 22, to November 21.

They undoubtedly occasioned plaintiff, who kept a confectionery, restaurant and bar-room, inconvenience and damage, creating noise and dust, and obstructing, to some extent, the sidewalks in front of his place and the entrances thereto.

But the evidence satisfies us that care and prudence were exercised, to cause him as little injury and inconvenience as the nature of the work permitted and for as short a time as possible.

We are satisfied that the rights of the parties are governed by the provisions of Article 2700 C. C.

The lessor is bound to make all repairs which unforeseen events or decay may render necessary.   C. C. 2693, 2717.

He is, at the same time, bound to secure to the tenant the free and peaceable enjoyment of the thing leased.   C. C. 2692.

Now, since the repairs may and generally must, to a greater or less extent, interfere with the lessee's enjoyment, it is obvious that a conflict of duties arises.

The very object of Article 2700 is to reconcile and regulate the rights of the parties under such conflict.

Hence it provides, substantially, that if the repairs are not urgent, the lessee may require them to be postponed until the end of his lease; but, if they are urgent and cannot safely be postponed, the lessor has the absolute right to make them, and the lessee must submit to whatever inconvenience they may cause him, subject only to his right to claim a diminution of rent in case the repairs last for a longer period than one month, and to an absolute remission of rent in case they have been of a nature to compel him to leave the house.

These rules may not be ideally just, but some sacrifices of self-interest are due to good neighborhood; and, in any event, they are prescribed by law.

Now, in the instant case, the repairs were necessary, urgent and incapable of postponement; they did not oblige the tenant to leave the house, but only impaired his enjoyment; they did not continue for a longer period than one month.   No diminution or remission of rent is claimed in this suit, and the record does not inform us whether any was allowed or not.   The damages claimed are, in the greatest part, for injury to business, loss of patronage and inconvenience, vexation and annoyance.   Such damages are clearly not recoverable under the article of the Code.   Redon vs. Caffin, 11 Ann.

So far as the items for damages to stock, fixtures and furniture are concerned, they might stand on a different basis; but we consider that the evidence does not satisfactorily establish any except that occasioned by the cutting of plaintiff's papering, which the defendant was always ready to remedy and which the judgment fully recognizes. The form of the judgment is objectionable; but no effort was made to correct it in the lower court, a merely formal motion for new trial without specifying grounds having been alone filed; and as we think it will afford plaintiff the relief to which he is entitled, we will not amend it.

On the question of costs, the gross injustice of throwing on defendant the onerous costs of a litigation, the only result of which is to condemn her to perform that which, prior to the suit and in her answer, she expressly offered to do, is too apparent to justify us in disturbing the judgment.

Judgment affirmed.

Rehearing refused.