(40 South. 766.)

No. 16,023.

LAZARE LEVY & CO. v. MADDEN.

In re LAZARE LEVY & CO.

116    374
f122    835

(May 7, 1906.)

LANDLORD AND TENANT—REPAIRS TO PREMISES—DAMAGES TO LESSEE.

Where the defective condition of a brick wall in a leased storehouse rendered it dangerous to life and property, and necessitated its reconstruction by the lessor, *held*, that the lessee is entitled to recover actual and direct pecuniary loss occasioned by the work of reparation, in addition to the reduction of rent provided by article 2700 of the Civil Code.

(Syllabus by the Court.)

Action by Lazare Levy & Co. against Thomas Madden. Judgment for plaintiffs was reduced on appeal to the Court of Appeal, and plaintiffs apply for certiorari or writ of review. Judgment of Court of Appeal reversed, and that of district court affirmed.

Bernard Titche, for appellants. Zengel, Thomas & Suthon, for respondent.

LAND, J. Defendant leased to plaintiff firm, engaged in the wholesale grocery business, a storehouse at the rate of $75 per month. During the continuance of the lease it was discovered that one of the brick walls was nine inches out of plumb and was in such a dangerous condition that the tenant's safety required its immediate demolition. The wall was demolished and reconstructed. The work commenced on May 21, 1903, and was completed on July 7, 1903. Before commencing the work a shore wall of lumber was constructed for the purpose of supporting the superstructure and of protecting the tenant in the use of the premises.

After the reconstruction of the wall the tenant sued for damages as follows:

For extra insurance premiums........ $ 60 00
"    private watchman extra......... 115 00
And for watching on Sundays........ 15 00
Extra labor for moving stock from wall 15 00
Two months rent................... 170 00
Damages to goods.................. 25 00

Total ...................... $400 00

Defendant admitted liability for $75 for diminution of rent, and pleaded tender of the same prior to suit.

The district judge rendered judgment in favor of plaintiff for this item of $75, and for the items of insurance, $60, moving stock, $15, and damages to goods, $20, making a total of $170, and dismissed the suit as to the items for watchmen.

Defendant appealed to the Court of Appeal, which amended the judgment by reducing the amount to $75, representing diminution of rent.

The case comes before us on a writ of review, and the question for solution is whether or not the lessee in such a case is entitled to recover damages beyond reduction of rent, as provided in article 2700 of the Civil Code.

This article must be construed together with other articles of the Code on the same subject-matter, and their provisions should be harmonized, if possible. The law reads as follows:

"Art. 2693. The lessor is bound to deliver the thing in good condition, and free from any repairs. He ought to make, during the continuance of the lease, all repairs which may accidentally become necessary; except those which the tenant is bound to make, as hereafter directed."

"Art. 2695. The lessor guarantees the lessee against all the vices and defects of the thing which may prevent its being used even in case is should appear that he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same."

"Art. 2700. If, during the continuance of the lease, the thing leased should be in want of repairs, and if those repairs cannot be postponed until the expiration of the lease, the tenant must suffer such repairs to be made, whatever may be the inconvenience he undergoes thereby, and though he may be deprived either totally or in part of the use of the thing leased to him during the making of the repairs. But in case such repairs should continue for a longer time than one month, the price of the rent shall be lessened in proportion to the time during which the repairs have continued, and to the parts of the tenement of the use of which the lessee has been thereby deprived.

"And the whole of the rent shall be remitted, if the repairs have been of such a nature as to oblige the tenant to leave the house or the room and to take another house, while that which he had leased was repairing."

Under article 2695 the lessor is bound to indemnify the lessee for any loss that may result from vices and defects in the leased premises. The guaranty covers, not only reduction of rent, but damages of every kind. Fuzier-Herman, Code Napoleon, 1721, note 35.

Article 2700 provides for the case where the lessee has been deprived in whole or in part of the use of the thing leased by the necessity of making urgent repairs.

For such inconvenience the lessee can recover no damages, save a diminution of the rent, when the repairs continue for a longer time than one month.

Under a similar article (1724) of the Code Napoleon, this principle is applied by most of the tribunals, even where the repairs have been made necessary by the defects or vices of the thing leased. Baudry-Lacantinerie, Du Contrat De Louage, 1, 467. But this principle does not entend to damages other than the deprivation of the use of the thing leased; for example, if the lessee's sign has been covered and his patronage thereby diminished, or if the papering of the apartments have been damaged. Id. 468.

In the case of Redon v. Caffin, 11 La. Ann. 685, the lessee was compelled to abandon the premises on account of defects of construction, and, having obtained judgment dissolving the lease, sued for damages for loss of fixtures and for loss of profits. The first item was allowed as the direct result of the defect in construction, and the second was rejected because indirect and consequential. The case was squarely within the provisions of article 2695 (2665) of the Civil Code.

The case of Bonnecaze v. Beer, 37 La.

Ann. 531, was a suit for damages alleged to have been occasioned by the reconstruction of a wall during the continuance of the lease. The item of damages for injury to business, loss of patronage, inconvenience, vexation, and annoyance was disallowed under the authority of the case of Redon v. Caffin, 11 La. Ann. 685, already cited.

As to the other demands of plaintiff, the court said:

"So far as the items for damages to stock, fixtures, and furniture are concerned, they might stand on a different basis; but we consider that the evidence does not satisfactorily establish any except that occasioned by the cutting of plaintiff's papering, which the defendant was always ready to remedy, and which the judgment fully recognized."

This decision is but of little assistance in the solution of the question now before the court.

It is true that one item of damages was allowed in the district court and the judgment was affirmed on appeal. But it is equally true that the defendant conceded her liability as to this particular item.

The other Louisiana cases cited in the opinion of the Court of Appeal did not involve the decision of the question now before the court.

The record does not show when plaintiff's lease commenced or that there was a contract of lease for any definite time. The architect "found that the wall was such as to endanger the property and lives of the people," and advised the defendant to tear it down and reconstruct a new wall. The architect found the last story so dangerous that he ordered the carpenter to shore up and secure the wall, which was "only nine inches thick and was out of plumb about nine inches."

It is evident that the wall was insufficient for the purpose of supporting the building, and that this defect rendered the premises unfit for use.

The defendant was aware of the condition of the wall, and said to the architect that "he had several people to attempt to remedy some defects."

We are of opinion that defendant is responsible for damages, other than the deprivation of the use of the building, directly occasioned by the reconstruction of the defective wall.

We are supported in this opinion by the French commentators already cited and by the reason and spirit of the articles of the Code.

The lessor guarantied the lessee against the defects which made the reconstruction of the wall absolutely necessary, and this reconstruction directly caused pecuniary loss to the lessee. The causa causans was warranted against by the lessor. We cannot construe article 2700 so as to nullify the lessor's guaranty as provided in article 2695.

The articles can be harmonized by restricting the provisions of article 2700 to the ordinary and usual case where repairs become necessary and urgent by reason of accident, decay, or ordinary wear and tear.

In such case neither party is in fault, and the repairs are in the interest of both. But, where the thing leased is defective, the guaranty of the lessor protects the lessee against direct loss of any kind, at least beyond the mere unavoidable inconvenience resulting from the work of necessary reconstruction or repair.

It is therefore ordered, adjudged, and decreed that the judgment of the Court of Appeal herein rendered be reversed, and that the judgment of the district court be affirmed; defendant to pay costs in both appellate courts.