HARDY, Judge.
This suit was instituted by plaintiff, praying for judgment for past due and unpaid rent against defendant as lessee and for issuance of a writ of provisional seizure. By supplemental pleading plaintiff claimed additional amounts alleged to be due for unpaid telephone and utility bills and also impleaded the Ouachita National Bank of Monroe as the escrow holder of the sum of $5,000.00 deposited by defendant under the original lease agreement as amended, praying that plaintiff be recognized as entitled to the ownership thereof. The bank filed answer, and, availing itself of applicable statutory provisions, deposited the sum of $5,000.00 in custody of the court. By extensive original and supplemental pleadings, defendant denied plaintiff’s claims, asserted counter claims by way of credit and compensation in an amount exceeding $27,000.00 and damages in excess of $400,000.00, prayed for judgment to such extent and further judgment awarding it the sum of $5,000.00 deposited in custody of the court as owner thereof.
Plaintiff’s suit was filed in August, 1960, the case was partially tried on July 10th and 11th, 1961, trial was resumed on Sep *201 tember 12th and concluded on September 14, 1961. Judgment was rendered March 6, 1962, and signed on March 9, 1962, in favor of plaintiff in the principal amount of $7,254.61, subject to a credit of $1,335.39, which judgment further declared plaintiff to be the owner of the $5,000.00 escrow deposit which was ordered to be applied against the amount of its judgment. From this judgment defendant has appealed. Plaintiff has answered the appeal, praying for an increase in the amount of the judgment or dismissal of defendant’s reconven-tional demand in its entirety, including the items for which recovery was allowed in the opinion of the district judge, and, as amended, the affirmance of the judgment appealed from.
By motion filed April 12, 1962, plaintiff sought an amendment of the judgment to the extent of maintaining and enforcing the writ of provisional seizure which had been inadvertently omitted from the judgment of March 9th. After submission of the motion on briefs by stipulation of counsel, the judgment was amended in accordance therewith, which judgment was rendered and signed on May 15, 1962.
Plaintiff corporation is owned and controlled by members of the Kalil family and defendant corporation appears to be either owned or controlled by David R. Blake, a resident of Detroit, Michigan. To avoid confusion which might arise by reason of the similarity of the names of the corporate litigants, we will hereafter refer to plaintiff as Kalil and defendant as Blake.
The substantially pertinent facts involved in this case are that by instrument dated June 17, 1957, Kalil leased the Alvis Hotel property located at the corner of North Fifth and DeSiard Streets in the City of Monroe to David R. Blake, who subsequently assigned said lease, with the consent of Kalil, to the defendant corporation. By a subsequent undated agreement, Kalil and Blake amended the original lease. This amendment, among other provisions, reduced the monthly rental of the property from the sum of $1,750.00 to $1,650.00, for the period from March 1, 1958, to June 30, 1962, and further released to lessee the escrow deposit of $15,000.00 then held by the Ouachita National Bank. After some two years of occupancy and operation of the hotel property by defendant, Blake,, which period was marked by disagreements; and disputes between the parties, suit was filed by plaintiff-lessor, claiming past due and unpaid rent. On August 20, 1959, Kalil and Blake entered into a written agreement of compromise and settlement of their differences. This agreement recognized the existence of claims for rent due Kalil and demands by Blake for payment of numerous obligations incurred on behalf of or due directly by Kalil. In consideration of the payment of a specified cash sum, Kalil, as lessor, released Blake, as lessee, from all claims asserted in the pending suit and agreed to dismiss same with prejudice at its cost. In consideration of this action, and in addition to the cash payment, Blake released and forever discharged Kalil from certain claims itemized in detail but without limitation, arising out of the operaton of the leased premises by Fred Kalil, Jr., who had been employed by Blake as manager of the hotel. The agreement of compromise contained the following quoted recitals which are pertinent to a resolution of the issues presented by this appeal:
“IT BEING FULLY UNDERSTOOD by the parties hereto that an}? and all indebtedness owed by or allegedly owed by either party to the other is hereby settled in full.
“II
“IT IS FURTHER ACKNOWLEDGED that the original lease executed by and between the parties which is-recorded in Conveyance Book 621, Page —-, of the Records of Ouachita Parish, Louisiana, was amended by the parties, hereto in an undated and unrecorded, instrument by which Lessor agreed to> reduce the amount of rent to be paid! *202 by Lessee from $1,750.00 per month to $1,650.00 per month, beginning March 1, 1958, and that Lessee agreed to deposit in escrow, under the same terms as the escrow agreement which was in effect at that time, the sum of Five Thousand Dollars ($5,000.00); that Lessee has to date failed to make such escrow deposit, although Lessor reduced the rental payments in accordance with the agreement.
“IT IS AGREED that Lessee shall deposit in escrow in the Ouachita National Bank, within thirty (30) days from the date hereof, the sum of $5,000.00 under the same terms as contained in the original escrow agreement dated the - day of July, 1957. In the event Lessee fails to deposit the said sum in escrow within said time, the lease shall automatically be can-celled and Lessor shall be entitled to invoke the provisions of the original lease and take possession of the premises.”
In this suit plaintiff-lessor has claimed the amount of $4,950.00 as past due rent; the further sums of $889.56 for telephone bills and $495.05 for utility bills incurred by Blake as lessee and paid by Kalil after resuming possession of the property, which had been voluntarily vacated and termination of the lease admitted as of August 31, 1960. The written opinion of the district judge found the amount of rent, past due and unpaid by defendant, to be $4,870.00, to which sum was added the amounts claimed for payment of telephone and utility bills, these items being stipulated as correct and liability of defendant therefor admitted.
Before this court counsel for defendant-lessee has specified errors with reference to the judgment of the district court in seven particulars: (1) in sustaining the existence of an escrow agreement and enforcing the same by recognizing plaintiff as owner thereof; (2) by interpreting the compromise agreement of August 20, 1959, as barring all claims by and between the parties prior to said date; (3) in failing to award credit and compensation to defendant-lessee in the nature of abatement of rent and use of its movable property by plaintiff; (4) in maintaining the writ of provisional seizure by allowing an amendment of the original judgment of March 9, 1962; (5) by refusing to order arbitration of the differences between the parties; (6) by erring in calculation of the demand in compensation; (7) in failing to award damages in favor of defendant on its re-conventional claims, or, alternatively, failing to dismiss same without prejudice.
We proceed to a consideration of the above specifications of error, first noting that their resolution depends substantially upon the determination of factual questions, since there is no basis for serious dispute as to the issues of law involved.
We do not find any merit in the objection to recognition of the escrow agreement. While it is true that the provision in the original lease with respect to the escrow deposit by Blake was abrogated by the amendment to said lease, it is incontestably clear from the provision of the compromise agreement of August 20, 1959, quoted supra, that a new escrow provision was agreed upon between the parties to this compromise who were also the parties to the original lease agreement and amendment thereof. The conditions of this escrow provision were eventually complied with by Blake’s deposit of the sum of $5,000.00. We find no error in the award of this amount to plaintiff as owner thereof in view of the finding that defendant-lessee was obligated for past due rent and other claims in excess thereof.
It is equally clear that the compromise agreement of August 20, 1959, containing the provision quoted supra, mutually discharged and liquidated all claims between the parties. It follows that all claims or adjustments arising prior to said date were completely and effectively barred.
*203 A substantial portion of the unnecessarily voluminous note of evidence in the instant case is devoted to testimony to which timely objection was made by counsel for plaintiff on the ground that it was an attempt to alter or change the clear and unambiguous provisions of a written agreement by means of parol evidence. Although the testimony was admitted subject to the objection, the trial judge correctly held in his written opinion that it was inadmissible and therefore disregarded. Counsel for appellant insistently contends that the evidence in question was admissible for the purpose of clarifying the ambiguous provisions of a written agreement and explaining the intent of the parties. Our careful examination of the written agreement of August 20, 1959, fails to disclose any ambiguity. On the contrary, the instrument evidences, with exceptional conciseness and clarity, the complete settlement of all differences, disputes and adverse claims by the parties thereto. We cannot accept the argument that the intention of the parties was not clearly reflected in the written agreement. Furthermore, our careful examination of the exhaustive pleadings on behalf of defendant has failed to disclose any averment of error, mistake or fraud which would justify the enforcement of an exception to the well established and understood parol evidence rule.
Defendant’s claim to abatement of rent relates to the deprivation of revenue from rooms which were out of order pending repairs undertaken by plaintiff-lessor. Reliance in support of this claim is placed upon the testimony of Mr. Blake, which we find to be completely wanting in certainty. In the first place, the witness did not and could not satisfactorily separate the claims arising prior and subsequent to the compromise settlement of August 20, 1959; second, he did not identify the rooms involved nor establish the loss occasioned by the alleged unavailability for use. Loss of revenue is not proved by testimony that rooms were closed while undergoing repairs. It was necessary that the defendant establish the fact that such rooms could have been rented, if available, thereby proving the damages resulting from loss of income from this source. Nor was the witness able to show that any of the rooms were out of use for an unreasonable period due to the fault of the lessor and in violation of any provisions of the lease; R.C.C. Art. 2700; Lazare Levy & Co. v. Madden, 116 La. 374, 40 So. 766. It follows that the demand under this item was properly refused.
Similarly, the record fails to: reflect any proof of damage or loss resulting to defendant from the asserted use by plaintiff of certain movable properties seized under the writ of provisional seizure. The sheriff’s return establishes that the property seized was delivered to Mrs. Icie Lee Trent, a former employee of defendant, as keeper, and the record does not show any action by defendant, though a number of remedies were obviously available, which would evidence any objection to the use of the properties seized so long as the writ of seizure was maintained in effect. And, again,, it is worthy of notice that no basis for the claim of value of use of the property in question was established other than a mere approximation which represented the personal opinion of the witness, Blake.
With respect to the asserted error relating to the amendment of the judgment, it is our opinion that this issue is not properly before the court. As above noted, the original judgment was signed March 9, 1962, and the amended judgment pursuant to motion on behalf of plaintiff was signed May 15, 1962. Reference to the minutes of court under date of June 7, 1962, discloses that counsel for defendant, in open court, moved for and was granted orders of de-volutive appeal but the entry does not identify the appeal with either or both of the above noted judgments. However, reference to the appeal bond shows the obligation thereof to be directed to a de-volutive appeal from the judgment signed on the 9th day of March, 1962. It, therefore, appears that the amendment to the *204 judgment under date of May 15th was not appealed. Nevertheless, we are unwilling to rely upon such a mere technicality, and, accordingly, express the opinion that the amendment of the judgment was properly allowed, inasmuch as the written reasons for judgment assigned by the district judge clearly express the opinion that the writ of provisional seizure was properly issued. Unquestionably, failure to include a pronouncement maintaining and enforcing the writ was the result of an inadvertent error which was properly corrected in response to a motion contradictorily heard and submitted.
Defendant’s claims, with respect to the right of arbitration in the instant case, are clearly without merit. Notwithstanding the fact that defendant’s pleadings contained assertions with respect to the right to arbitration under the lease agreement, no action was taken with reference to the attempted enforcement of this right until September 14, 1962, the day trial of the case was completed, when an application for a stay of proceedings pending arbitration was filed on behalf of defendant. LSA-R.S. 9:4203 clearly provides the nature and procedure with respect to the remedy of a party aggrieved by an alleged failure or refusal of an opposed party to perform under a written agreement for arbitration. Defendant failed to comply with the requirements of this statute, the motion for the stay of proceedings was not timely filed, and, therefore, was properly refused.
The alleged error in calculation of defendant’s demand in compensation is not sustained by the record. As correctly observed by the district judge, defendant failed to prove these demands with the exception of those items which were specifically noted and allowed.
The claims for damages were also properly rejected on the same ground — lack of proof. We take no issue with counsel’s assertion of the legal principle that an assessment of damages falls within the discretion of the court under the facts and circumstances of a particular case. However, our jurisprudence clearly limits such action to those instances in which a claimant cannot establish with any degree of certainty the amount of damage suffered; Brantley v. Tremont & Gulf Railway Company, 226 La. 176, 75 So.2d 236; Farthing v. Neely, La.App. (3rd Cir., 1961, writs denied), 129 So.2d 224. The damages claimed in the instant case were of a nature susceptible of definite proof and all information which would have constituted a basis for such proof was accessible and available to defendant. The failure to fix the amount of damages must, therefore, be charged against the defendant. The court is not justified, under such complex claims as are presented in the instant case, in attempting to fix the amounts of damages in view of a complete lack of proof as to the amounts claimed. Such action would be arbitrary and unreasonable.
We are completely in accord with the observation of the district judge in his written opinion to the effect that all of defendant’s claims for damages have failed because of lack of a certainty of proof as to actual damages that could be compensated.
We take note of counsel’s suggestion in brief that the case be remanded or that defendant’s reconventional demands be dismissed without prejudice with respect to any items which we might feel had not been adequately proved. We do not think either of the suggestions for alternative relief is entitled to consideration. This case was filed approximately one year before actual trial thereof and there is not the slightest showing in the record that defendant was unable to prepare its proof either by reason of lack of time, inability to procure access to sources of information and evidence, or for any other cause whatsoever. Under the circumstances, either of the alternative remedies would work an injustice upon plaintiff, and would be unjustified by any real consideration or reason in law or equity.
*205 Adverting to plaintiff’s answer to the appeal, we find that the argument for an increase in the judgment is based upon the failure of the trial court to allow an amount in excess of $2,000.00 allegedly due by lessee as the cost of restoring air conditioning equipment to effective working order. This claim was rejected by the district court on the ground that plaintiff had failed to carry the burden of showing damage to the air conditioning equipment had been occasioned by the defendant for which it would be responsible to plaintiff.
We feel a serious question is presented by the record as to whether the above conclusion is justified. Reference to the original agreement of lease establishes two provisions we think are relevant to a determination of this question, namely:
“Lessee accepts the premises in its present state of repair and assumes responsibility for the condition thereof.
* * * * * *
“Lessee agrees to maintain the air conditioning and the elevators in said building.”
Under the first of the above noted provisions it must be concluded that the defendant accepted the air conditioning equipment as a part of the leased premises in such condition as it then existed. Under the second provision, quoted supra, defendant assumed the unqualified obligation to maintain the air conditioning. The interpretation of these agreements, in our opinion, makes it unnecessary to determine whether the definitely established damages to the air conditioning equipment resulted from its condition at the inception of the lease or from failure of proper maintenance during the lessee’s occupancy of the premises, which appears to have been the point that troubled the district judge and led him to the conclusion above noted.
Our examination of the record has convinced us that plaintiff has established, by a substantial preponderance of the evidence, the almost unuseable condition of the air conditioning equipment at the time it repossessed the leased premises as of August 31, 1960. The testimony on this point also supports the conclusion that this condition resulted, at least to some extent, from failure of proper maintenance. It follows that, under the clear provisions of the lease, defendant should be held liable with respect to this item. On behalf of plaintiff proof of the amount necessary to restore the equipment to working order was tendered by the testimony of Mr. David Powell, an air conditioning service man operating what was known as Powell’s Appliance Repair. The witness testified that he had contracted with Kalil to perform the labor incidental to the repair of the air conditioning equipment for the sum of $1,200.00, which testimony stands uncon-tradicted. Powell further testified that he estimated the cost of parts which were to be supplied by Kalil, at its expense, in excess of $1,000.00, and that he had just happened to see one bill for the cost of necessary parts which ran in excess of $1,000.00. We do not think this testimony as to the cost of parts is acceptable. We have been unable to find any exhibits in the record relating to such items of cost which obviously could have been supplied by plaintiff. Under the circumstances, we think the allowance on this claim should be limited to the recovery of the sum of $1,200.-00, representing plaintiff’s contractual obligation for the cost of labor, which is un-controvertibly established, and otherwise the claim must be rejected for lack of certainty.
We do not find that plaintiff is entitled to the relief asserted in its answer to the appeal, praying for the rejection of defendant’s reconventional demands in toto. The items specifically set forth in the written opinion of the district judge and allowed by him are supported by the testimony in the record on behalf of defendant and have not been controverted by any evidence on the part of plaintiff.
*206 In examining the judgment appealed from and the opinion supporting the same, we find a substantial error in the calculations of the district judge. The opinion noted that plaintiff had proved past due rent in the amount of $4,870.00 by the testimony of the accountant, Mr. Sam Donald, Jr. The additional items stipulated as being due by defendant with reference to telephone and utility bills, in the respective amounts of $889.56 and $495.05, were added to the amount of past due rent and the judge arrived at a total of $7,254.61. Our computation of these items indicates that the total amount should have been $6,254.61.
In consideration of the above error in calculation, and further in view of our conclusion with respect to plaintiff’s claim for repairs to the air conditioning equipment, we find it necessary to amend and recast the judgment.
For the reasons assigned the judgment appealed from is amended and recast to read as follows:
IT IS ORDERED, ADJUDGED AND DECREED:
, (1). That there be judgment herein in favor of plaintiff, Alvis Hotel, Inc., and against the defendant, Alvis Hotel of Monroe, Inc., in the amount of Seven Thousand Four Hundred Fifty-Four and 61/100 ($7,454.61) Dollars, less a credit of One Thousand Three Hundred Thirty-five and 39/100 ($1,335.39) Dollars, with interest on Six Thousand One Hundred Nineteen and 22/100 Dollars ($6,119.22) at the rate of five per cent (5%) per annum from date of judicial demand until paid;
(2). That the defendant was in default in the payment of rent at the time this suit was filed and plaintiff was, therefore, at that time, entitled to the Five Thousand and No/100 ($5,000.00) Dollars on deposit in escrow with the Ouachita National Bank in Monroe, and the Clerk of Court is hereby ordered and directed to pay to plaintiff the said Five Thousand and No/100 ($5,000.00) Dollars on deposit in the judicial depository of this Court, which sum shall be credited to the sum awarded herein;
(3). That except for the amount of One Thousand Three Hundred Thirty-five and 39/100 ($1,335.39) Dollars hereinabove allowed as credit against the award in favor of plaintiff, the demands of the defendant, Alvis Hotel of Monroe, Inc., as plaintiff in reconvention, be dismissed;
(4). That the writ of provisional seizure issued herein be maintained, and that plaintiff’s lessor’s privilege and right of pledge be recognized upon the property seized.
(5). That the seized property be sold and that out of the proceeds thereof plaintiff’s claim, with interest and costs of these proceedings, be paid by preference and priority.
As above amended and recast, the judgment appealed from is affirmed. Defendant is assessed with all costs of both courts.