(103 So. 30)

No. 26707.

KEENAN v. FLANIGAN.

In re KEENAN.

(Feb. 2, 1925.)

*(Syllabus by Editorial Staff.)*

Landlord and tenant ⬤⟹186(1)—Lessor permitting maintenance of disorderly house on premises by one tenant cannot hold other tenant for rent for unfinished term.

Where lessor permitted tenant of lower apartment to run a disorderly house to the disturbance of the tenant of the upper apartment, he was not entitled to collect rent from the injured tenant for the unfinished term, under the provisions of Civ. Code, art. 2703, that the lessor need not guarantee tenant against disturbances caused by persons not claiming any right to the premises; this provision, in view of article 2692, not relieving the lessor of the duty to maintain the premises in a tenantable condition.

Suit by Walter Cook Keenan against Lon P. Flanigan. Judgment for defendant, and plaintiff petitions for review. Judgment affirmed.

Leslie P. Beard, of New Orleans (McCaleb & McCaleb, of New Orleans, of counsel), for applicant.

Joseph Rosenberg, of New Orleans, for respondent.

O'NIELL, C. J. This is a suit by a landlord against his tenant for a balance claimed for rent. There is no dispute about the facts. The defendant leased, for a residence, for the term of two years, the upper floor of a two-story or duplex dwelling. The lower apartment was then vacant, but was afterwards leased, also for a residence, to another tenant, who moved in soon after the defendant had moved into the upper apartment. The tenant in the lower apartment conducted such a noisy and disorderly house that the occupants of the upper apartment could not sleep. A victrola played music from 8 o'clock every night until 2 or 3 o'clock in the morning, while a party of drunken merrymakers indulged in loud and obscene language. The defendant complained to his landlord, but the latter said that it was not his duty to interfere, and suggested that the defendant complain to the police. He did complain to the chief of police, but got no relief. After spending nearly four months of sleepless nights in the house, he and the other members of his household, his wife and her mother, moved out. He paid promptly for the 4 months' rent. This suit is for the remaining 20 months, less the rent which the landlord afterwards collected from other tenants, to whom he rented the lower apartment during a part of the unexpired term of defendant's lease.

[1, 2] It is not denied that the continuing nuisance in the lower apartment made it unbearable for the defendant or his family to continue living in the upper apartment. The only question is whether it was the duty of the landlord, or of the tenant in the upper apartment, to take action to suppress the nuisance in the lower apartment. The district court held that it was the landlord's duty, and rejected his demand for the unearned rent. The court of appeal affirmed the judgment.

The case depends upon an interpretation of two articles of the Civil Code. The defendant relies upon article 2692, and the plaintiff relies upon article 2703. Article 2692 declares that, in a contract of lease, "the lessor is bound from the very nature of the contract, and without any clause to that effect," to maintain the property in such condition as to serve the purpose or use for which it is rented, and to maintain the lessee in the peaceable possession of the premises during the term of the lease. But article 2703 declares:

"The lessor is not bound to guarantee the lessee against disturbances caused by persons not claiming any right to the premises; but in that case the lessee has a right of action for damages sustained against the person occasioning such disturbance."

The argument of the landlord in this case is that, inasmuch as the tenant in the lower apartment, who caused the disturbance, was not claiming any right to the upper apartment, he, the lessor, was not bound to protect the lessee of the upper apartment against the disturbance. The argument resolves itself into this: That the word "premises" in the expression "disturbances caused by persons not claiming any right to the premises" means only the premises leased to the person disturbed—the upper apartment in this case. We agree with the Court of Appeal that article 2703 should not be given such a restricted meaning. What it means is that a lessor is not bound to warrant his lessee against a disturbance caused by a person who does not claim, under covenant with the lessor, a right to be in a position to carry on the disturbance; e. g., a lessor is not responsible for a disturbance inflicted upon his lessee by a trespasser. In our interpretation of articles 2692 and 2703 of the Code it would perhaps make no difference if the two apartments were adjacent residences belonging to the same landlord, instead of being under the same roof.

It is conceded by the learned counsel for plaintiff that it would have been a violation of the landlord's implied guaranty to the lessee of the upper apartment if the landlord, after leasing the upper apartment to him for a residence, had leased the lower apartment to the other tenant for a purpose that would necessarily disturb the tenant in the upper apartment. The argument of the learned counsel is that the landlord was not obliged to suppress the nuisance in the lower apartment because it was committed in violation of the contract of lease of the lower apartment. Our answer is that the violation of the contract of lease of the lower apartment was a matter which concerned the landlord, not the tenant in the upper apartment; but the nuisance in the lower apartment, so far as it disturbed the peaceable possession of the tenant in the upper apartment, was a matter which concerned him, and against which the landlord had guaranteed him. When the landlord was notified that the manner in which the tenant in the lower apartment was using the premises was a continuing disturbance of the peaceable possession of the tenant in the upper apartment, the landlord had no more right to sanction or tolerate such violation of his contract with the tenant in the lower apartment than he had to authorize the disturbance.

The Court of Appeal has cited the opinions of the French commentators on the corresponding articles of the Code Napoleon, for articles 2692 and 2703 of the Louisiana

Code are translations, respectively, of articles 1719 and 1725 of the French Code. The learned counsel for plaintiff contend, on the contrary, that the opinions of the French commentators are not in accord with the opinion of the Court of Appeal. For example, it is said that 18 Baudry-Lacantinerie, p. 242, No. 480, retained in the third and last edition of Baudry-Lacantinerie et Wahl, T. 1. de Lowage, vol. 20, maintains that a tenant whose peaceable possession is being disturbed by the conduct of another tenant of the same lessor is not entitled to a dissolution of his lease, unless the disturbance is with the authority or approval or consent of the lessor, evidenced usually by the contract of lease with the disturbing tenant. That is not contrary to our idea that, when the landlord has been notified of the continuing disturbance, he has no more right to condone such violation of his contract with the disturbing tenant than he had to consent to it in the contract.

We are not aware of a decision of this court directly in point. The decisions of the courts of the other states seem to have turned upon the language of the covenant in each case, but the fundamental principles recognized in the common law are consistent with the very able opinion rendered by the Court of Appeal in this case. See 36 C. J. 69; 16 R. C. L. 768, § 263.

The judgment is affirmed.