352 So.2d 766 (1977)
Martha H. ROBICHEAUX and Martha's Jewelry & Gifts, Inc., Plaintiffs and Appellants,
v.
J. Arthur ROY, the New Gordon Hotel Company, Inc., and Eastern Development & Investment Corporation and Sandra Ballard, Defendants and Appellees.
No. 6191.
Court of Appeal of Louisiana, Third Circuit.
November 17, 1977.
Rehearing Denied December 14, 1977.
Writ Refused January 30, 1978.
Voorhies & Labbe by John Nickerson Chappuis, Lafayette, for plaintiffs-appellants.
Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell by Robert L. Cabes, John Rixie Mouton, Lafayette, for defendants-appellees.
Before HOOD, CULPEPPER and FORET, JJ.
CULPEPPER, Judge.
Plaintiffs-lessees sue for damages resulting from the burglary of their jewelry and gift shop in Lafayette. Defendants are the present and the former lessors and their *767 employees. The trial judge granted a summary judgment in favor of J. Arthur Roy, an employee of the former owner, The New Gordon Hotel Company, Inc. He sustained an exception of no cause of action as to Eastern Development & Investment Corporation, the present lessor, and its employee, Sandra Ballard. Plaintiffs appeal only the judgment as to Eastern and its employee.
The issue is whether the defendant-lessor is liable to the plaintiffs-lessees for damages resulting from the burglary of the leased premises by some unknown person.
Since this is an appeal from a judgment sustaining an exception of no cause of action, we consider only the facts alleged in plaintiff's petition. These facts are that in 1973, the plaintiff, Ms. Robicheaux, leased certain ground-floor premises in a building owned at the time by the New Gordon Hotel Company, Inc. In May of 1975, New Gordon sold the building to Eastern Development & Investment Corporation, which employed Sandra Ballard as resident manager. The new owner assumed the obligations of plaintiff's lease. In June of 1975, Eastern rented the premises immediately adjacent to plaintiff's shop to a man referred to throughout plaintiff's petition as "Mr. X", whose identity is unknown. Shortly thereafter, plaintiff's shop was burglarized. The burglars entered the shop through a hole cut through the common wall between plaintiff's shop and the premises rented to Mr. X.
Plaintiffs contend the lessor was negligent by:
(1) Renting the above described premises to Mr. X, a person previously unknown without checking his background or the background of his business;
(2) Renting the above described adjacent premises to an unknown person when he knew or should have known there was valuable merchandise on the premises of petitioners and access could be gained to this merchandise through the leased premises;
(3) Failing to warn the petitioners of the circumstances of the lease;
(4) Failing to notify petitioner of the presence of Mr. X under the circumstances then existing;
(5) Failing to exercise reasonable and prudent care under the circumstances then existing;
(6) In general, failing to do what he should have done and could have done to avoid the burglary."
Appellants' brief suggests two bases for liability of the lessor: (1) Failure to meet the contractual obligations imposed on the lessor by LSA-C.C. Articles 2692, 2695 and 2703; (2) Failure to exercise reasonable care under LSA-C.C. Articles 2315, 2316 and 2317.
Concerning the first argument, appellants point to the lessor's duty to maintain his lessee in peaceful possession of the leased premises as well as the lessor's obligation to indemnify the lessee for loss sustained because of vices or defects of the thing leased.
Appellants contend that their peaceable possession of the leased premises was breached "as a result of the lessor's failure to provide for the safety of the leased premises from destruction by other tenants." (Emphasis added) Assuming such a duty is owed by a lessor, we find this argument without merit since there is no allegation in the petition that Mr. X was the burglar. We make this finding fully aware of the statement by the trial judge in his reasons for judgment (Tr. p. 23) that there was such an allegation.
LSA-C.C. Article 2703 provides:
"The lessor is not bound to guarantee the lessee against disturbances caused by persons not claiming any right to the premises; but in that case the lessee has a right of action for damages sustained against the person occasioning such disturbance."
This article and cases interpreting it relieve the lessor of any duty to protect the lessee against disturbance by a third person with no right to enter the premises. See Gulf Coal & Coke Company v. Bingaman, 6 La.App. 107 (La.App.Orl.1927); Reynolds v. Egan, 123 La. 294, 48 So. 940 (1909); Keenan v. Flanigan, 157 La. 749, 103 So. 30 *768 (La.1925); and 29 La.Law Review at pp. 113 and 114. Under these authorities, the present lessor is not liable for disturbance by the unknown burglars.
In their brief, plaintiffs argue further that the broad provisions of LSA-C.C. Article 2695 protect a lessee against any "vice or defect" in a co-tenant. Appellants cite no case applying this article to a co-tenant. We find this is not the kind of vice or defect contemplated by LSA-C.C. Article 2695. Moreover, plaintiffs do not allege that "Mr. X" had a "vice or defect". They allege only that defendant did not investigate "his background" to determine whether he had a vice.
Appellant next asks that we find tort liability on the part of the lessor, based on the acts of negligence alleged in the petition. Clearly, defendant owed no general duty under LSA-C.C. Articles 2315, 2316 or 2317 to protect plaintiffs from harm by investigating the backgrounds of prospective tenants.
For the reasons assigned, the judgment appealed is affirmed. Costs of this appeal are assessed against plaintiffs-appellants.
AFFIRMED.