425 So.2d 372 (1982)
James HALL, et ux., Plaintiffs-Appellants,
v.
PARK DELL TERRACE PARTNERSHIP, et al., Defendants-Appellees.
No. 82-408.
Court of Appeal of Louisiana, Third Circuit.
December 22, 1982.
Raleigh Newman, Lake Charles, for plaintiffs-appellants.
*373 Leithead, Scott, Boudreau, Myrick and Richard, Randall E. Roach, Plauche, Smith & Nieset, Jeffrey M. Cole, Lake Charles, for defendants-appellees.
Before GUIDRY, CUTRER and STOKER, JJ.
CUTRER, Judge.
This case involves a suit by lessees, James and Brenda Hall, against their lessors, Charles L. and Jeanette Mathis (Mathis), and others, for damages suffered when the leased premises were burglarized and the lessee's property was stolen. Mathis filed an exception of no cause of action which was sustained but plaintiffs were allowed ten days to amend. No amendment was filed.[1] Plaintiffs appealed. We affirm.
Plaintiffs allege that Mathis constructed Park Dell Terrace in which plaintiffs' jewelry store was located. Plaintiffs allege that the property was sold to the other defendants, James Daley, Kenneth Strauss and/or Realty Plus, Inc. (the date of sale is not set forth). Plaintiffs' further petition sets forth the following allegations:
"4.

"At the time Petitioners went in to the jewelry store business in the above described location, they were unaware that the common walls of their business location was (sic) constructed of materials completely unsuitable to house and properly safeguard their jewelry store from someone gaining access through the flimsey constructed common walls.

"5.

"At all times pertinent hereto, Petitioners had informed Defendants of the nature of the retail business and relied solely on the Defendants (sic) expertise as to the suitability of the rented premises for the purposes rented to wit, a jewelry store.

"6.
"At the time that Petitioners rented the above described premises, the premises appeared to be suitable for the purposes intended and the walls appeared to be solid walls.
"7.
"At all times pertinent hereto, Petitioners relied on the implied warranty of suitability by Defendants for the purposes intended.
"8.
"Petitioners allege that the Defendants are guilty of the following breaches, acts or omissions, to-wit:

a) Renting premises not suitable for the purposes intended;

b) Failure to warn or inform Petitioners that the premises were not suitable for the purposes intended by Petitioners;
c) Constructing the premises in such a way that the weaknesses of the construction and type of construction were not readily apparent to the average layman;
d) Constructing the premises in the cheapest possible manner using materials completely unsuited for the type of business conducted by Petitioners;
e) Failure to meet all building and code standards for construction of the premises;

f) Failure to properly police and inspect the empty adjoining premises to Petitioners (sic) place of business when they knew or should have known that the empty space provided a place of concealment for someone to gain access through the flimsy walls to Petitioners (sic) business establishment after hours when they knew or should have known that there is always a high risk of burglary in the jewelry store business."

*374 Since this is an appeal from a judgment sustaining an exception of no cause of action, we shall consider the plaintiffs' allegations of fact as set forth in their petition to ascertain the correctness of the trial court judgment.
A reading of the allegations of plaintiffs' petition does not clearly set forth the legal basis for the alleged liability by Mathis. The allegations, we find, set forth two legal theories upon which the liability of Mathis may be claimed: (1) The allegation that Mathis breached a contractual warranty under the lease agreement by not providing premises that were suitable for use as a jewelry store as the walls were constructed of sheetrock through which the burglars were able to enter the store; or (2) that the premises contained a defective condition in the walls of the building and Mathis was thus liable as owner under the provisions of LSA-C.C. art. 2322. We shall determine whether the petition states a cause of action under either of these theories of liability.

IMPLIED WARRANTY OF LESSOR
The first issue is whether a lessor can be liable to his lessee for damages which result from criminal activity on the leased premises, perpetrated by unknown, unauthorized third parties.
Under Louisiana Law, every contract of lease, whether for movable or immovable property, contains an implied warranty that the leased property contains no defects and that the lessee may enjoy the entire leased property by use as it was intended. Equilease Corporation v. Hill, 290 So.2d 423 (La.App. 4th Cir.1974); LSA C.C. art. 2695. However, that warranty does not extend to injury caused by third parties who claim no right to the leased premises. Robicheaux v. Roy, 352 So.2d 766 (La.App. 3rd Cir.1977), writ ref'd, 354 So.2d 207 (La.1978); LSA-C.C. art. 2703.
This court, in Robicheaux, addressed this point and held that the landlord was relieved of any duty to protect his tenant against a disturbance by persons who had no right to enter the premises. In Robicheaux, the plaintiff operated a jewelry store and gift shop in a building owned by one of the defendants. The store was burglarized by unknown persons.
In sustaining the lessor's exception of no cause of action, this court held as follows:
"LSA-C.C. Article 2703 provides:
"The lessor is not bound to guarantee the lessee against disturbances caused by persons not claiming any right to the premises; but in that case the lessee has a right of action for damages sustained against the person occasioning such disturbance."

"This article and cases interpreting it relieve the lessor of any duty to protect the lessee against disturbance by a third person with no right to enter the premises. See Gulf Coal & Coke Company v. Bingaman, 6 La.App. 107 (La.App.Orl. 1927); Reynolds v. Egan, 123 La. 294, 48 So. 940 (1909); Keenan v. Flanigan, 157 La. 749, 103 So. 30 (La.1925); and 29 La.Law Review at pp. 113 and 114. Under these authorities, the present lessor is not liable for disturbance by the unknown burglars."

Under the ruling of Robicheaux, the plaintiffs' petition states no cause of action against Mathis under the theory of implied warranty of a lessor.

LIABILITY UNDER LSA-C.C. ARTICLE 2322
LSA-C.C. art. 2322 provides as follows:
"The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction."
This article does not provide plaintiffs with any relief.
As we examine the allegations of the petition, we find that plaintiff states that Mathis sold the building to the remaining defendants. The petition does not state when the sale took place. Thus, it is not alleged that Mathis was the owner of the building at the time of the burglary. In the *375 absence of an allegation of ownership by Mathis at the time of the burglary plaintiffs' petition does not state a cause of action against Mathis under C.C. art. 2322.[2]
We hold that the trial court correctly sustained the exception of no cause of action filed by Mathis and dismissed the suit as to them.
For these reasons, the judgment of the trial court is affirmed. The suit is remanded to the district court for further proceedings in accordance with the law and the views expressed herein. Plaintiffs-appellants are to pay costs of this appeal.
AFFIRMED and REMANDED.
NOTES
[1] Mathis filed an exception of no cause of action and are the only defendants before us on appeal.
[2] The trial court allowed plaintiffs ten days to amend their petition to state a cause of action. No amendment was filed. Under these circumstances we will not remand for the opportunity of plaintiffs to amend their petition to cure this defect.