BYRNES, Judge.
This is an appeal from the granting of a Motion for Summary Judgment. We affirm.
On June 22, 1982, a fire broke out in the offices of Standard Mortgage Company and Standard Mortgage Insurance Company (hereinafter Standard) at 701 Poydras Street, New Orleans, Louisiana. The New Orleans Fire Department later determined that the cause of the fire was arson. The offices were leased from Project Square 221, the partnership which owned the building.
As a result of the fire Standard collected $111,776.52 from its insurer, USF&G, which became subrogated to Standard’s rights and brought the suit which forms the basis of this appeal. Named as defendants were Burns International Security Services Inc., the company which provided security for the building, Project Square 221, the owner of the building, Square 221 *663 Inc., Project Corporation and Gerald D. Hines, the partners who made up Project Square 221, Shell Oil Co. and Oxford Building Services Inc., the company which provided janitorial services to the building. USF&G alleged that the negligence of the various defendants in failing to provide adequate security and in allowing unauthorized persons to acquire pass keys to the offices in the building rendered the defendants liable for the damages caused by the fire.
In response to the suit, defendants Gerald Hines, Project Square 221, Square 221 Inc. & Project Corporation filed a motion for summary judgment alleging that Standard’s lease precluded their liability. In support of this position defendants submitted a copy of the lease. The trial judge granted defendants’ motion and dismissed the case against them with prejudice.
On appeal, USF&G argues that' genuine issues of material fact, such as the adequacy of the building security and the scope of the lease’s waiver provisions, should have precluded summary judgment.
Under La.C.C.P. art. 2703 a lessor is not liable to the lessee for torts committed by third parties who claim no right under the lease. In addition, failure to protect a lessee against damages caused by third parties does not constitute a vice or defect in the premises Robicheaux v. Roy, 352 So.2d 766 (La.App. 3rd Cir.1977), writ denied, 354 So.2d 207 (La.1978). However, a lessor may be held liable where he assumes an implied or express obligation to provide security maintenance to the lessee and a breach of that obligation is the proximate cause of a tort committed by a third person. Thompson v. Cane Gardens Apartments, 442 So.2d 1296 (La.App. 3rd Cir.1983).
In this case the lessor assumed an obligation to provide security to the lessee in clause 3.3 of the lease. That clause obligated the lessor:
3.3 To use [his] best efforts to control access to the truck loading area and service elevator access area and to control access to the Building by stationing a watchman at the main elevator lobby during the weekends and after normal working hours during the week; Landlord will also provide an electronic surveillance system for use during weekends and after normal working hours during the week; (emphasis)
This clause did more than impose the obligation of providing security, it also specified how that obligation was to be met.
Appellant does not contend that the services specified in clause 3.3 of the lease were not provided, but that these services were inadequate. Thus, there was no genuine issue of material fact concerning the presence of security or an electronic surveillance system as provided in the lease. If the lessor provided the security services promised in the lease, there is no factual basis for concluding that the duty to provide those services was breached. In the absence of a breach of that duty, appellees should not be held liable.
In addition to specifying what type of security would be provided, clause 3.3 provides that:
Landlord shall not be liable to Tenant for losses due to theft or burglary, or for damages done by unauthorized persons on the premises.
Other waiver provisions include Clause 5.2 which provides that:
5.2 Landlord shall not be liable or responsible to tenant for any loss or damage to any property or person occasioned by theft, fire, act of God, public enemy, injunction, riot, strike, insurrection, war, court order, requisition or order of governmental body or authority; or for any damage or inconvenience which may arise through repair or alteration of any part of the building, or failure to make such repairs. However, landlord shall use reasonable dilligence to repair the same promptly, (emphasis added),
And clause 5.14 which provides that:
5.14 Anything in this lease to the contrary notwithstanding, under their respective insurance policies, landlord and tenant hereby waive any and all rights of recovery, claim, action or *664 cause of action, against each other, their respective agents, officers, or employees, for any loss of damage that may occur to the premises thereby demised, or any improvements thereto, or said building of which the demised premises are a part, or any improvements thereto, or any personal property of tenant or landlord therein, by reason of fire, the elements, or any other cause which could be insured against under the terms of standard fire and extended coverage insurance Policies, regardless of cause of origin, (emphasis added)
Appellant does not contend that these waiver provisions were invalid but that their scope was not broad enough to waive the implied warranties of fitness for intended use and freedom from defects. We do not agree. In Hall v. Park Dell Terrace Partnership, 425 So.2d 372 (La.App. 3rd Cir.1982) it was held that these implied warranties do not extend to injury caused by third parties who claim no right to the leased premises. We agree with this conclusion.
Reading the lease in its entirety and in conjunction with the pleadings and exhibits submitted by the parties, it is clear beyond doubt that liability for the loss sustained in this case was waived. We therefore affirm the judgment of the trial court.
AFFIRMED.