539 So.2d 1250 (1989)
Patricia CORNELIUS
v.
HOUSING AUTHORITY OF NEW ORLEANS, ABC Insurance Company, Mr. Sidney Cates, and E. Dupre.
No. 88-CA-0075.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1989.
Rehearing Denied April 11, 1989.
David H. Seelig, Nancy S. Silbert, Seelig, Cosse', Frischhertz and Poulliard, New Orleans, for appellant.
Roy F. Amedee, Jr., O'Keefe, O'Keefe & Bernstein, New Orleans, for appellee.
Before BARRY, BYRNES and LOBRANO, JJ.
*1251 LOBRANO, Judge.
Plaintiff, Patricia Cornelius, appeals the dismissal of her suit for damages against the Housing Authority of New Orleans, (HANO), its director, Sidney Cates, its manager, Emilo Dupre and Republic Insurance Company (Republic), on a motion for summary judgment.
The undisputed issues of fact are as follows: At approximately 3:15 p.m. on March 12, 1985, after attending kindergarten, five year old Timothy Ramon Cornelius returned to his home in the St. Thomas Housing Development which is owned and managed by HANO. Shortly after arriving home he requested permission to go outside and sit on the porch. Mrs. Cornelius consented. The porch borders a courtyard specifically designed as a play area for children. Mrs. Cornelius continued preparing supper looking out of the window from time to time to check on Timothy. At approximately 3:45 p.m., she discovered that Timothy was no longer on the porch. She went outside to look for him but he was nowhere in sight. She and some neighbors began an extensive search. At approximately 5:30 p.m., Mrs. Cornelius notified the police. The search for the child continued until the early morning hours.
At approximately 8:00 a.m., the following morning, the child's body was discovered on a stairway of a nearby building. The child died of suffocation. Although the coroner eventually ruled the death a homicide, no one has ever been arrested or convicted for this murder.
Cornelius alleges that HANO had control of the premises surrounding the area in which her murdered son was found. That dangerous conditions existed in the area, such as poor lighting and security, and that HANO was aware of these conditions and failed to correct them. She further alleges that the proximate cause of her son's death was the defendants' failure to correct these unsafe conditions.
HANO moved for a summary judgment asserting that there are no material issues of fact, and that under the admitted facts of this case, there was no duty to protect Timothy Cornelius from the violent acts of third persons. In support of its motion HANO submitted Cornelius' deposition and the lease agreement.
In opposition to the motion for summary judgment, Cornelius asserts that there are numerous factual issues to be decided. These include whether HANO is a business venture held to the same standard of care as other businesses in the safekeeping of their premises; whether the poor security conditions in the St. Thomas Development constitute a vice or defect in the property so as to impose liability under Civil Code Article 2322; whether HANO knew of the unsafe conditions in the housing development and thus should have implemented a security system, and whether these factual determinations were the cause in fact of her son's death. In support of his opposition Cornelius introduced numerous newspaper articles concerning the poor conditions in the housing development.
The trial court granted HANO's motion, finding that "the risk of violent death is not encompassed by the duty to adequately maintain the premises". For the following reasons, we affirm.
The relationship between Cornelius and HANO is that of lessor and lessee. Civil Code Article 2703 states:
"The lessor is not bound to guarantee the lessee against disturbances caused by persons not claiming any right to the premises; but in that case the lessee has a right of action for damages sustained against the person occasioning such disturbance."
It is doubtful whether that article was meant to apply to personal injury caused by a third person. The word "disturbance" in 2703, when read with article (2704) clearly refers to disturbances in possession by a third person.
Nevertheless, our jurisprudence has interpreted Article 2703 to support the rule of law that, unless there is some special relationship existing between the landlord and tenant, or where the landlord had assumed an implied or express obligation to provide security to the tenant and breached that duty, the landlord/lessor has *1252 no duty to protect his tenant from harm sustained as a result of acts of third persons. United States Fidelity and Guaranty Ins. Co. v. Burns International Security Services, Inc., 468 So.2d 662 (La. App. 4th Cir.), writ denied 470 So.2d 882 (La.1985); Gant v. Flint-Goodridge Hospital, 359 So.2d 279 (La.App. 4th Cir.1978); Smith v. Howard, 489 So.2d 1037 (La.App. 1st Cir.1986); Thompson v. Cane Gardens Apartments, 442 So.2d 1296 (La.App. 3rd Cir.1983), appeal after remand, 480 So.2d 373 (La.App. 3rd Cir.1985).
This jurisprudence is consistent with the duty/risk analysis of a negligence claim. The first requirement that a plaintiff must prove is that the risks and harm encountered fall within the protection of a legal duty owed by the defendant. Dixie Drive It Yourself System New Orleans Co. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962). Thus, even ignoring Article 2703, Cornelius must establish a legal duty owed by HANO.
Assuming as true that HANO knew of the conditions as alleged in the petition, this fact still will not support a duty to protect against harm caused by third persons. No such duty is imposed by statute, usage or custom, and this Court will not require a landlord to protect against violent acts of third persons, absent any express or implied agreement to the contrary. And, there is no showing that HANO had any special relationship with its tenants which required security measures, nor is there any lease provision which requires it.
And furthermore Article 2322 does not apply to a "failure to protect". That is, failure of the lessor to guard against the acts of third persons is not a vice or defect in the premises so as to impose liability on the landlord. United States Fidelity Guaranty Ins. Co., supra, citing Robicheaux v. Roy, 352 So.2d 766 (La.App. 3rd Cir.1977), writ denied, 354 So.2d 207 (La. 1988).
Based on the record, we conclude that the only issue before us is whether a duty was owed by HANO. For the reasons stated above, we hold HANO had no duty, and thus affirm the summary judgment in their favor only. Since the other defendants, i.e. Republic Insurance Co., Cates and Dupre did not move for summary judgment it was error for the trial court to dismiss plaintiff's suit as to those defendants. Stell v. Louisiana Department of Public Safety, 499 So.2d 1211 (La.App. 5th Cir.1986).
Cornelius also complains about the language (the reasons) incorporated in the trial court's judgment. Specifically she complains that the trial judge has set public policy and usurped legislative authority.
Written reasons for a judgment do not constitute the judgment and are not appealable. See, La.C.C.Pro. Art. 1918 and 2083; Jackson v. Hanna, 206 So.2d 779 (La.App. 4th Cir.1968). Thus our review is limited to the trial court's result, i.e. its judgment and not the reasons. The actual judgment dismissed plaintiff's suit against all of the defendants.
For the above assigned reasons, we agree with the dismissal of HANO, but reverse as to the dismissal of the other defendants.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.