BOWES, Judge.
Plaintiff, Barbara Ann Boteler, appeals a judgment of the district court granting summary judgment in favor of defendant, Lake Management, Inc. We reverse.

FACTS

Plaintiff filed suit in the district court in June, 1987 alleging that her son, Tobias Bo-teler, was a resident of the Flower Gate Apartments in Metairie, owned and managed *87 by the defendant, Lake Management, Inc. (hereinafter “Lake”).
The petition alleged that Errol Carlin, another resident at the apartment complex, murdered Tobias in the parking lot of the complex following a long, loud, violent argument. Plaintiff sued Lake, the Parish of Jefferson, the State of Louisiana, and Carlin and his parents (Carlin was 16 years old at the time of the murder).
With regard to Lake, it was alleged that Carlin was violent and had engaged in several prior criminal acts which were known to Lake, including burglary of the apartments. The petition further alleged that Carlin was sentenced to a juvenile detention center on the burglary charges but was allowed to return to Flower Gate until space in the facility was found for him. The petition also alleged that eviction proceedings had begun, but had been terminated, thus permitting the entire family to continue dwelling in the complex.
Numerous pleadings were subsequently filed chiefly involving discovery. In November, 1992, Lake filed a motion for summary judgment seeking to be dismissed from the suit. The chief basis for the motion was LSA-C.C. art. 2703 (infra), although Lake also pleaded that its lease agreement with Mrs. Boteler neither expressly nor impliedly agreed to provide security to the tenants.
Following argument of counsel, and based on the record including statements, depositions, etc., the court granted summary judgment in favor of Lake based on LSA-C.C. art. 2703 “immunity”:
The Court’s finding is that there was no expressed and implied obligation to provide security and that the provision of the immunity statute by Article 2703 in fact declines [sic].

ANALYSIS

LSA-C.C. art. 2703 reads as follows:
The lessor is not bound to guarantee the lessee against disturbances caused by persons not claiming any right to the premises; but in that case the lessee has a right of action for damages sustained against the person occasioning such disturbance.
Carlin, a juvenile, lived with his mother, a lessee at Flower Gate. It was alleged by Flower Gate that the victim, the 22 year old son of Mrs. Boteler, did not himself have a written lease at Flower Gate, but continued to occupy the premises under his mother’s lease (it is alleged that Mrs. Boteler moved out of state in November, 1986, some eight months prior to the murder). The arrange-, ment between Tobias, the victim, and Flower Gate is not clear from the record.
We find, however, that it is apparent from these few facts that LSA-C.C. art. 2703 is inapplicable. The murder was committed by Carlin, a resident of the complex and not by a third person “not claiming any right to the premises.” Absent eviction, Carlin had a “right to the premises” — i.e., he was no trespasser but was a tenant. Rather, the rights and obligations of the lessor and lessee in this case are defined under LSA-C.C. art. 2692(3)[1] which binds a lessor to cause a lessee to remain in peaceable possession.
We said in Credithrift of America, Inc. v. Sinclair, 430 So.2d 822 (La.App. 5 Cir.1983):
LSA-C.C. art. 2692, as stated earlier, requires the lessor to, inter alia, cause the lessee to be in peaceful possession during the lease term. A breach of that duty has been found where an adjacent tenant’s activities disturbed the peace of the complainant. ... A distinction is, however, made between tenants over whom the lessor has control and those disturbances made by third persons over whom the lessor has no control, i.e., a trespasser. Dixie Homestead Assn. v. Intravia, 145 So. 561 (App.Orl.1933); Keenan [v. Flanigan, 157 La. 749, 103 So. 30 (1925) ] supra. In the latter instance, the lessee’s remedy *88 falls under LSA-C.C. art. 2703 and is against the third party causing the disturbance.
[Emphasis supplied].
Thus, it is immediately apparent that the trial court erred in finding that Lake was entitled to judgment as a matter of law under LSA-C.C. art. 2703.
Interestingly, Lake alleges that it is protected from suit by the following clause in its lease:
The Lessor shall not be liable to Lessee, or to Lessee’s employees, patrons and visitors, or to any other person for any damage to person or property caused by an act, omission or neglect of Lessee or any other tenant of said demised premises, and Lessee agrees to hold Lessor harmless from all claims for any damage, whether the injury occurs on or off the leased premises.
The inapplicability of this clause is obvious on more than one count. As stated herein-above, Mrs. Boteler was the signatory lessee, not her adult son who was murdered. In the absence of evidence that Tobias Boteler had such a signed lease with Lake, its applicability to him is certainly questionable, to say the least. More importantly, however, even if such would apply to Tobias, our law provides that such clauses are null (and therefore unenforceable) insofar as they, in advance, exclude liability for physical injury.
LSA-C.C. art. 2004 states:
Any clause is null that, in advance, excludes or limits the liability of one party for intentional or gross fault that causes damage to the other party.
Any clause is null that, in advance, excludes or limits the liability of one party for causing physical injury to the other party.
See also Ramirez v. Fair Grounds Corp., 575 So.2d 811 (La.1991), which held that a similar clause to the one at bar was null under LSA-C.C. art. 2004.
With regard to grounds for summary judgment, the jurisprudence is clear. In a very recent case, the Supreme Court said:
Judgment on the motion (for summary judgment) is properly granted only if the pleadings, deposition, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue of material fact and the mover is entitled to summary judgment as a matter of law. LSA-C.C.P. art. 966(B); Penalber v. Blount, 550 So.2d 577 (La.1989); Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981). Because the mover has the burden of establishing that no material factual issue exists, inferences to be drawn from the underlying facts contained in the record must be viewed in the light most favorable to the party opposing the motion. Schroeder v. Board of Sup’rs of Louisiana State University [, 591 So.2d 342 (La.1991) ] supra. A fact is material if its existence or non-existence may be essential to the plaintiffs cause of action under the applicable theory of recovery. Penalber v. Blount [, 550 So.2d 577 (La.1989)] supra.
Potter v. First Federal S & L, 615 So.2d 318 (La.1993).
There are numerous questions of material fact present in this case. Mrs. Boteler claims that security was promised and was an inducement to leasing her apartment; Lake denies it. The status of Tobias as a resident or tenant without a lease is questionable. The allegations as to what the manager knew and did not know, and what she did about it, are unresolved. It is clear for instance that the manager knew that Carlin smoked marijuana, and suspected that he sold it openly at the swimming pool — that is, she knew him to be guilty of criminal activity for some time prior to the burglary incident. There is also a question of material fact as to what duties were owed by Lake toward Tobias, especially with respect to Carlin. As the Supreme Court stated in Potter, supra, there could be causes of action in contract and in tort:
... the duties of a lessor may have more than one source, as in the case of a negligent breach of a contractual obligation, in which case causes of action lie for both the breach and the negligence. Gray & Co., Inc. v. Ranger Ins. Co., 292 So.2d 829, 830
*89 (La.App. 1st Cir.1974). The existence of the lessor/lessee relationship and contractual remedies, therefore, does not preclude lessor liability for breach of duties ex delic-to.
Because of our finding that LSA-C.C. art. 2703 relied on by the trial judge is inapplicable and because, there are numerous questions of material fact precluding summary judgment, and which can best be resolved at a trial on the merits, the court was in error in granting summary judgment, particularly on the enumerated grounds.

DECREE

For the foregoing reasons, the judgment is reversed and the matter is remanded to the district court for further proceedings.
REVERSED AND REMANDED.

. Art. 2692. Obligations arising from nature of contract
The lessor is bound from the very nature of the contract, and without any clause to that effect:
(1)To deliver the thing leased to the lessee.
(2) To maintain the thing in a condition such as to serve for the use for which it is hired.
(3) To cause the lessee to be in a peaceable possession of the thing during the continuance of the lease.