*1045
 
 ROGERS, J.
 

 Plaintiff, as lessor, sued defendant, as lessee, to recover the balance due for rent, alleging that defendant breached the lease 'by vacating the leased premises without justifiable cause. Defendant set up that plaintiff, himself, breached the lease, by failing to maintain defendant in peaceable and quiet enjoyment of the leased premises and by permitting them to become wholly unfit for the carrying on of defendant’s business. The court ■below rejected plaintiff’s demand, and he has appealed from the judgment.
 

 Plaintiff assigns as errors: (1) That the court below erred in holding that defendant was under no duty to notify plaintiff of any disturbances of his possession, and that he was authorized to terminate the lease and vacate the premises without requesting plaintiff to correct the conditions; and (2) that the court below erred in giving judgment in the face of conflicting and uncertain evidence, and failed to hold the defendant to full and strict proof of the matters set up by way of defense.
 

 The trial judge did not assign any written reasons for his judgment, and there is nothing to show that he held no notice was given, nor that he sustained a defense that was exaggerated.
 

 Defendant leased from the plaintiff for the purpose of conducting a retail business therein the ground floor of the premises No. 332 Milam street, in the city of Shreveport. Defendant contends that plaintiff breached his obligations as lessor by leasing the upper floor of the building for use as a dancing school in which both plain and fancy dancing were taught, necessarily disturbing defendant below and causing such a noise, jarring, and shaking of the building as to render it wholly unfit for a retail store.
 

 The evidence shows that toe, Spanish, tap, aerobatic, adagio, and eccentric dancing were taught in the school conducted above defendant’s store. The preponderance of the evidence shows that the dancing was extremely noisy and disturbing. The object in tap dancing, particularly, is to make noise, the more the better; and, to increase the clatter, steel cleats or cleats of some other hard substance are attached to the shoes of the dancers. Heel work, or stamping on the heels on the floor, and the beating together of castanets, were also done in Spanish dancing. Acrobatic exercises were indulged in by the teachers and pupils of the school, involving jumping and spinning, in the performance of which the participants would frequently fall to the floor.
 

 After the dancing school was started defendant complained of the noise and the vibration of the building, and plaintiff sought to remedy the situation by installing in the dancing school a new floor on top of the old floor, with a covering of some kind of matting between them. The remedy, however, proved to be ineffective, the noise and disturbance after the laying of the new floor continuing to equal in intensity the noise and disturbance occurring before the floor was laid.
 

 The vibration or jarring of the building caused defendant’s merchandise to be shaken from the shelves, and the merchandise displayed in the windows to fall down; caused the lights and fixtures hanging from the ceiling of the store to swing back and forth and
 
 *1047
 
 rattle, the wires of one of them being shaken loose and catching on fire.
 

 The noise was of such intensity that it necessitated defendant’s clerks and its customers raising their voices in order to understand one another. A number of defendant’s customers eotaplained of the noise, and many customers left the store without making any purchase, stating. that they would return when the noise ceased, which they, never did. The noise caused defendant’s employees to become irritable and nervous, and was of such a disturbing nature as to seriously interfere with the use of the telephone.
 

 On two occasions shortly after the new floor was laid, defendant’s representative orally notified plaintiff that the noise and. disturbance had not been eliminated. And on November 10, 1930, defendant wrote plaintiff advising him that due to his failure to maintain it in the quiet possession of the leased premises it would remove from the same at the end of the month. Plaintiff ignored this notice as well as the prior oral notices given him by defendant’s representatives. He failed to communicate with defendant and never offered to make any further attempt to remedy the situation of which defendant complained.
 

 We find no evidence in the record to support plaintiff’s suggestion that defendant’s real motive in seeking to revoke the lease was its desire to liberate itself from a burdensome contract.
 

 The facts of this case, we think, bring it within the doctrine announced in Keenan v. Flanigan, 157 La. 749, 103 So. 30, interpreting articles 2692 and 2703 of the Civil Code relative to the obligations of the lessor to maintain the property in such condition as to serve the purpose or use for which it is leased, and to maintain the lessee in the peaceable possession of the premises during the term of the lease. In that case the court held that a lessor who permitted the tenant of a lower apartment to conduct a noisy and disorderly house to the disturbance of the tenant of the upper apartment was not entitled to collect rent for the unexpired term of the lease from the injured tenant who had vacated the leased premises.
 

 For the reasons assigned, the judgment appealed from is affirmed.
 

 OVERTON, J., recused.