45 So.2d 100 (1950)
ELLIS et al.
v.
BLANCHARD.
No. 7464.
Court of Appeal of Louisiana, Second Circuit.
March 8, 1950.
Rehearing Denied April 5, 1950.
*101 Alva Guy Blanchard, in pro. per.
Irion & Switzer, Shreveport, C. C. Burton, Jr., Shreveport, for appellee.
TALIAFERRO, Judge.
Defendant owns and operates a manufacturing establishment in the northern part of the City of Shreveport, Louisiana, about fifty per cent of the volume of its business consisting of the manufacture, setting and testing of safety valves for boilers, under high steam pressure.
*102 The plaintiffs, ten in number, each operates a business of his or its own in the vicinity of defendant's plant, ranging from one hundred feet to three hundred yards distant therefrom.
Plaintiffs allege that the manner and method by which defendant conducts his business amounts to a private nuisance in that the noise from the steam when applied to the valves is so loud, shrill and penetrating that it greatly disturbs petitioners themselves, and also disrupts and interferes with their businesses; specifically, that they and their employees, while the noise is in progress, are unable to talk over the telephone or hear what others say thereon; that conversation with their employees is practically impossible save by loud voice; that in the summer time in an effort to reduce the annoyance of the noise and make conditions bearable, they close the windows of the buildings and that this creates a constant pounding in their ears and drives customers away. They prayed for and were granted a rule on the defendant to show cause: "on a day and hour to be fixed by this Honorable Court, why a preliminary injunction should not issue herein, enjoining, restraining and preventing him, his agents, servants and employees from in any manner operating his machinery in the adjusting and testing of steam valves in such a way as to disturb and disrupt petitioners in the conduct of their respective businesses."
They further prayed that after trial, etc., said injunction be made perpetual.
Defendant filed exceptions of no cause and no right of action, which were overruled.
Answering the petition, he denies the right of plaintiffs to the sought injunctive relief. He alleges that it is impossible to conduct his business without some noise emanating therefrom but that the noise made by his machinery, etc. is not of such intensity or continuity as to produce the effects alleged by the petitioners. He further resists the suit on the ground that the area wherein his and plaintiffs' businesses are located has been zoned by the City of Shreveport for heavy industrial use and has been so zoned for a period of twenty years; that industries, including his own, authorized by said zoning ordinance, will, of necessity, produce some noise even when most efficiently operated. He prays that the suit be dismissed and plaintiffs' demand be rejected at their cost.
There was judgment, after trial, granting the issuance of a preliminary injunction in favor of all of the plaintiffs except Lar-Tex Engine Company, A. J. Albertine and Estee Drilling Company. Defendant appealed suspensively and devolutively.
While the trial was in progress the defendant offered in evidence what purports to be a copy of the zoning ordinance of the City of Shreveport, referred to in his answer, and a map of the City of Shreveport on which he or some other person had marked the location of his manufacturing plant. Admissibility of these documents was objected to on the ground that neither had been certified by any officer having authority so to do. The objection was sustained and the documents were ruled out. Two weeks after the trial was concluded defendant filed a motion to re-open the case to afford him opportunity to introduce said documents in evidence which had then been duly certified and were attached to the motion. The motion was denied.
It is evident that defendant no longer controverts the charge that the noise complained of by the appellees is of the character and produces the effects alleged by them. His position and argument in this Court make this quite clear. The testimony abundantly sustains the complaint on this score.
In brief, appellant states that the record presents three questions for decision, which we quote, to-wit:
"(1) The effect of Article 765 of the Louisiana Civil Code:
"`Continuous and apparent servitudes may be acquired by title or by a possession of ten years', and
"(2) The effect of Article 669 of the Code:
"`If the works or materials for any manufactory or other operation cause an inconvenience to those in the same or *103 neighboring houses, by diffusing smoke or nauseous smell, and there be no servitude established by which they are regulated, their sufferance must be determined by the rules of the police or the customs of the place,' and
"(3) The effect of the District Court's refusal to consider the certified copies of the City of Shreveport's zoning ordinance and zoning map, which were submitted in a motion to re-open the case."
Arguing proposition No. 1, appellant contends that as his business has been operating without interruption at its present location for more than ten years "a servitude of noise" has been established in his favor as is authorized by said Article 765 of the Civil Code. Answering this contention, appellees simply say that under the laws of this State there is no such thing as a servitude of noise, and if such were possible, it would be a noncontinuous servitude which could only be created by title.
Conceding, without admitting, that appellant's position with regard to the servitude is correct, his pleadings are not in condition to warrant us to pass on the plea of ten years prescription. A plea of prescription cannot be supplied by the Court. Article 3463 of the Civil Code. It must be specially pleaded. Article 3464 of the Civil Code. The question of presciption was first raised and argued in brief in this Court. Such a plea, it is true, may be filed in an appellate court and passed on by that court on the face of the record if that action be thereby warranted, but the issue must be tendered through and by special plea.
It may be further said against the tenableness of said plea, that it has no application here, even though its alleged basis be conceded, because not one of the plaintiffs' businesses had been in existence for ten years when this suit was filed.
Motions to re-open, like those for continuance, address themselves to the sound legal discretion of the Court. Ofttimes such motions involve the question of due diligence, or lack of it, on the part of a litigant or his counsel. In the present case it is not necessary to specifically pass on this phase of the motion to re-open, as we shall endeavor to point out hereinafter. It is apropos to say that defendant, while representing himself before the Court is not an attorney at law. The excluded documents are in the record and may be considered in passing on their probative value had they been admitted in evidence.
In connection with the aforesaid questions, it is pertinent to here register the following observations, viz.: The zoning ordinance was passed by the Council of the City of Shreveport in 1948, after all or nearly all of the appellees had established their present businesses. The extension of Market Street by the Department of Highways, directly north from Cross Bayou, that traverses the northern section of the City generally in an easterly and westerly direction, immediately brought about a rapid development, in a business way, along both sides of the new four-lane highway. Prior to this development defendant's business location was in a way isolated, and the noise from its operation bothered no one to a material extent. This, however, underwent a complete change following the extension of the street above mentioned.
The ordinance involved zones the entire city for building and improvement purposes. Section 14 thereof is designated "HHeavy Industrial District." It contains the names of 129 different businesses permitted within that district. No. 17 thereof is "Boiler Works". Defendant contends that his business falls within the purview of this designation. We are not prepared to say exactly what "Boiler Works" does or does not comprehend, but, as we view the matter, it is not here material to further elaborate upon the subject. The City, by granting the privilege to operate "boiler works" in said district, did not at all imply that such works could be conducted in a way and manner to amount to a private nuisance. The ordinance is wholly silent as regards the volume, extent and/or duration of the noise that could be produced by either of the one hundred twenty-nine businesses permitted thereby. It could not well have done otherwise. *104 What may constitute a nuisance because of smoke, noise, etc., necessarily depends upon the facts and circumstances pertinent to each case.
For the above assigned reasons, we conclude that appellant's rights were to no extent prejudiced by the Court's refusal to re-open the case.
Appellant also contends that since his business was established several years prior to that of either appellee, they are without right to complain of the nuisance. This same contention has been made and overruled in other cases. Tucker v. Vicksburg, S. & P. R. Co., 125 La. 689, 51 So. 689.
If appellant's contention in this respect were upheld, the result would be inevitable that the value of large areas suitable for commercial and industrial purposes would be practically destroyed. The prior presence of a nuisance would be an effective bar to investments and developments in the affected area.
It is a well fixed and generally observed principle of the law, so much so that repetition here would seem unnecessary, that regardless of the high degree of protection extended by law to private ownership of real estate, the owner must use or employ his property in such way and manner as to not unnecessarily annoy, inconvenience and/or disturb his neighbors. Private ownership, to that extent, must yield or suffer modification.
Recent cases involving the principles here discussed, are: McGee et al. v. Yazoo & M. V. R. Co., 206 La. 121, 19 So.2d 21; Devoke et al. v. Yazoo & M. V. R. Co., 211 La. 729, 30 So.2d 816; Borgemouth Realty Company, Ltd. v. Gulf Soap Corporation, 212 La. 57, 31 So.2d 488; Gayle v. Auto-Lec Stores, Inc., 174 La. 1044, 142 So. 258; Fos et al. v. Thomassie, La.App., 26 So.2d 402.
Appellant complains of the lack of exactness in the judgment, with respect to the mode and manner necessary to abate the noise to the degree that it will no longer be a nuisance to the appellees. It was not the duty nor the province of the Court to undertake to point out exactly the steps appellant should take to comply with the judgment. Appellant is in a position to determine this question. At the present time the boiler and testing equipment are located in a small structure, roofed by sheet metal, with only one side enclosed, and of the same material. The noise, perforce, escapes unrestrained. To remedy this would seem rather simple. Anyway, the duty devolves upon the appellant to so adjust and arrange the operation of his business that the judgment will be complied with. This identical question was presented and passed upon adversely to the contention of the proponent in the McGee case, supra.
Defendant testified and argues that to require him to reduce the noise to the extent demanded by the appellees, would destroy the efficacy of his business and force him to abandon same entirely. We have some doubt of this. But the books are replete with cases where, because of being judicially condemned as a nuisance, a business was forced to find a new location, or be entirely abandoned.
For the reasons herein assigned, the judgment appealed from is affirmed with costs.