430 So.2d 822 (1983)
CREDITHRIFT OF AMERICA, INC.
v.
Floyd A. SINCLAIR and Thomas J. Ward.
No. 82-CA-183.
Court of Appeal of Louisiana, Fifth Circuit.
April 11, 1983.
*823 Jules A. Fontana, Jr., New Orleans, for plaintiff-appellant.
Robert C. Creely, Amato & Creely, Gretna, for defendants-appellees.
Before CHEHARDY, CURRAULT and DUFRESNE, JJ.
CURRAULT, Judge.
This appeal arises from a judgment dismissing the petition of plaintiff, Credithrift of America, Inc., for damages and rescission and/or cancellation of a lease entered into with defendants, Lloyd A. Sinclair and Thomas J. Ward, and which granted defendant's reconventional demand for lost rent.
Appellant, Credithrift of America, Inc., entered into a lease contract with defendants, Floyd A. Sinclair and Thomas J. Ward, on or about July 1, 1979, wherein they leased office space located in a building at 5040 Westbank Expressway.
The lease term was for three years commencing on July 1, 1979, and ending on June 30, 1982, at a monthly rental of $550. The property in question consisted of a small commercial building with three spaces designated from left to right as Unit A, B and C. Unit A was occupied by a lounge, Unit B was leased to appellant and during the early months of 1980, Unit C was leased to an import business under the title New Century Enterprises, Inc., which said organization was discovered later to be a front for an adult bookstore and novelty sex shop with movies.
On August 4, 1980, appellant filed a petition to rescind the agreement alleging building deficiencies and further that defendant's actions in leasing space to the adult bookstore caused injury to appellant's business requiring them to relocate prior to expiration of the lease term. Appellant claimed damages in the amount of Thirty-Five Thousand Dollars ($35,000).
Appellees, Sinclair and Ward, reconvened against appellant alleging breach of the lease and prayed for acceleration of the rent and attorney's fees pursuant to the law. Appellees also filed a third-party demand against the New Century Enterprises, Inc., the adult bookstore tenant, and ultimately obtained a default judgment against the third-party defendant for the sum of Twenty-Three Thousand Two Hundred Dollars ($23,200), together with interest and attorney's fees in the amount of One Thousand Three Hundred and Twenty Dollars.
Trial on the merits was held on May 4, 1982, in the Twenty-Fourth Judicial District Court. In judgment rendered that same day, appellant's demand was dismissed and the reconventional demand was granted for eight months' lost rent in the amount of Four Thousand Four Hundred Dollars ($4,400), plus Seven Hundred Fifty Dollars ($750) in attorney's fees. Subsequently, appellant perfected this appeal of the trial court judgment.
Appellant urges that the trial court erred in failing to find that it was necessary for appellant to vacate the leased premises prior to termination of the lease in that:
(1) Lessor failed to properly maintain the leased premises; and/or
(2) Lessor failed to maintain lessee in peaceful possession of the leased premises.
Appellant alleges various deficiencies in the building as justification for vacating the premises prior to expiration of the lease term. The deficiencies complained of included problems with the drainage in the bathroom, an unsightly, unkempt parking lot, falling tiles in the office area, and a leaking roof in the bathroom area.
The trial judge found, and we agree, that the only responsibility of lessor under the terms of the lease was the maintenance of the roof, thus only that alleged defect will be addressed.
LSA-C.C. art. 2729 gives either the lessor or lessee the right to dissolve the lease upon neglect of the other to fulfill his engagements in the manner expressed concerning contracts in general. LSA-C.C. art. 2692 specifically imposes three obligations upon the lessor "from the very nature of the contract, and without any clause to that effect." They are:
*824 (1) To deliver the thing leased to the lessee;
(2) To maintain the thing in a condition such as to serve for the use for which it is hired;
(3) To cause the lessee to be in peaceable possession of the thing during the continuance of the lease.
Although LSA-C.C. art. 2694 allows the lessee to make repairs and deduct the reasonable price of the repairs from the rent, he is not required to do so if the premises are unfit for their intended use. Freeman v. G.T.S. Corporation, 363 So.2d 1247 (La.App. 4th Cir.1978). When lessee vacates for that reason, the lessor cannot recover rent due during the unexpired term of the lease. Freeman, supra. And failure to repair a leaking roof has been held to be justification for vacating the premises prior to the expiration of the lease term. Freeman, supra; Goldstein v. Stone, 12 La.App. 702, 127 So. 73 (Orl.1930).
The evidence reveals that the complained of leak in the bathroom developed subsequent to execution of the agreement. As a consequence, appellee hired a roofer to correct the problem in January, 1980. In a letter dated February 7, 1980, appellant again complained about the leaking roof along with complaints related to the adult bookstore. No further action was taken by appellee to repair the roof and no further complaints were made by appellant in this regard. Five months later, in July, 1980, appellant vacated the premises without notice and without returning the keys, which actions were in contravention of the lease provisions.
While we agree that under certain circumstances a leaking roof can be a condition constituting unfitness sufficient to justify a lessee to vacate the premises prior to expiration of the term, in this case the facts do not support such a conclusion. The fact that appellant attempted to repair the leak considered along with the length of time appellant remained on the premises without further complaints or without taking action to repair the defect, indicates the leak was not so serious as to cause this court to find the premises to be unfit for its intended use. Therefore, we find that the allegations of building deficiencies, as cause to breach the contract, are without merit.
Appellant alleges alternatively that its possession was disturbed by the operation of the adjacent adult bookstore which sold sexually-oriented literature and gadgets, as well as exhibited sexually-oriented movies. Contra, appellee relies on the trial judge's finding that the lease to the adult bookstore was obtained fraudulently and appellees were using all legal means to evict the offensive tenant at the time appellant vacated the leased property. Appellee further urges this court to accept the trial court's finding that no evidence was presented to show appellant suffered any loss as a result of the presence of the bookstore.
LSA-C.C. art. 2692, as stated earlier, requires the lessor to, inter alia, cause the lessee to be in peaceful possession during the lease term. A breach of that duty has been found where an adjacent tenant's activities disturbed the peace of the complainant. In Gayle v. Auto-Lec Stores, 1932, 174 La. 1044, 142 So. 258 (La.1932), the disturbance was caused by a dance studio above lessee's retail business. Rowdy neighbors were the cause in Keenan v. Flanigan, (La.1925) 157 La. 749, 103 So. 30, 31, 38 A L R 248. A distinction is, however, made between tenants over whom the lessor has control and those disturbances made by third persons over whom the lessor has no control, i.e., a trespasser. Dixie Homestead Assn. v. Intravia, 145 So. 561 (App. Orl.1933); Keenan, supra. In the latter instance, the lessee's remedy falls under LSA-C.C. art. 2703 and is against the third party causing the disturbance.
The facts herein reveal that the appellant's leased section of the building was located between the adult bookstore on one side and a barroom on the other. There were never any complaints regarding the location of the barroom and, in fact, the testimony indicated that the employees of appellant utilized its facilities on occasion. *825 The so-called "porno shop", however, apparently offended the sensibilities of the appellant and there was some testimony to the effect that customers were reluctant to enter appellant's office. The evidence, however, did not indicate any loss of business or employees due to the proximity of the bookstore. Neither was there evidence that the bookstore tenant or its customers created disturbances, unlike the facts in the cases cited above.
It is our opinion that the mere proximity of the offensive tenant under these particular facts was not sufficiently disruptive to constitute a disturbance of peaceable possession as that term is intended to be employed in the law of contract, and find that appellant was not justified in vacating the premises for that reason.
Accordingly, after a review of the law and evidence, we hold that appellant breached the contract of lease by vacating the premises without good cause, and thus the judgment of the trial court is hereby affirmed. Appellant is to be taxed with all costs of this appeal.
AFFIRMED.