469 So.2d 503 (1985)
Warren J. MOITY, Sr., Plaintiff-Appellee,
v.
Richard J. CASTILLE and Harold Castille, Defendants-Appellants.
No. 84-477.
Court of Appeal of Louisiana, Third Circuit.
May 15, 1985.
*504 J. Burton Willis, St. Martinville, for defendants-appellants.
D. Warren Ashy, Lafayette, for plaintiff-appellee.
Before STOKER, LABORDE and KING, JJ.
KING, Judge.
The issue presented on this appeal is the correctness of the trial court's award of damages to a lessee arising from his lessors' breach of their obligation to maintain his peaceful possession of the leased property.
Plaintiff, Richard Moity, (hereinafter Moity) filed suit alleging that his co-lessors, Richard and Harold Castille, (hereinafter *505 defendants) wrongfully prevented him from peacefully possessing the 45-acre tract of land which he leased from them. The defendants denied Moity's allegations and argued that the lease had terminated due to Moity's nonpayment of the annual rental. After a trial on the merits the trial court found that Moity had tendered payment of the rent and upheld the lease. The court also found that the defendants had effectively prevented Moity from using the leased property and awarded Moity $2,500.00 in damages to compensate him for his loss of use of the property.
The defendants appeal and argue that the trial court erred in (1) holding Harold Castille liable for the wrongful actions undertaken by Richard Castille; (2) awarding Moity $2,500.00 in damages for his loss of use of the leased property, and (3) failing to allow the defendants a $600.00 credit for unpaid rent. We amend to reduce the damage award, grant defendants a credit for their unpaid rent, and affirm.

FACTS
The record indicates that Richard and Harold Castille are the co-owners and co-lessors of a 45-acre tract of land located in Lafayette Parish, Louisiana. Moity acquired a lease on this tract of land by means of an assignment of the original lease. The lease was primarily for the purpose of using the leased property as pasture and grazing land. The rental was $200.00 per year, payable in advance on August 5th of each year, for the years 1982, 1983 and 1984. The lease was in writing and expired on August 4, 1984.
At some point in time, the defendants became dissatisfied with Moity as their lessee. Defendant, Richard Castille, began to frequently visit the leased property much to the aggravation of Moity and his employees. At trial Moity complained that in the year 1980, defendant, Richard Castille, made a continuous effort to coerce him into abandoning the leased property. Moity testified that Richard Castille placed a chain and a padlock on the front gate as well as "no trespassing" and "no hunting" signs. When Richard Castille would see Moity on the leased property, he would tell Moity that he had no business on the property and that if he didn't leave the property, he would be surprised at what would happen. On some occasions Richard Castille's threats were more specific. He warned Moity that he might end up with broken fences and that Moity wouldn't be able to keep workers because he would "see to it that they don't stay." Moity's testimony concerning Richard Castille's actions was corroborated by his employees. Fred Romero testified that as a result of Richard Castille's threats he and his family left the property because his wife and children were afraid to stay. Mrs. Romero explained that on three different occasions Richard Castille came on the leased property wearing a gun on his belt and ordered her and the children to leave the property. Mr. Romero also testified that someone broke several of the fences that were built by Moity. He also stated that the front gate had been barricaded and locked with a padlock.
The defendant, Harold Castille, argues that the trial judge erred in holding him liable based solely on the testimony of the defendant, Richard Castille, that he knew and consented to the actions of Richard Castille. He contends that this testimony is insufficient to support a finding that the defendant, Richard Castille, was acting as his agent and for this reason he should not be held liable for Richard Castille's actions. A close review of the trial judge's oral reasons for judgment shows that he did not base his decision to find Harold Castille liable on the existence of an agency relationship between Harold Castille and Richard Castille. While it is true that the trial judge did make a specific finding that Harold Castille knew of and consented to Richard Castille's action he held them both liable for the damages that resulted because of their breach of their obligation, as co-lessors, to maintain Moity in peaceable possession of the property.
LSA-C.C. 2692 provides in pertinent part that:

*506 "The lessor is bound from the very nature of the contract, and without any clause to that effect:
* * * * * *
3. To cause the lessee to be in a peaceable possession of the thing during the continuance of the lease."
Our jurisprudence has long recognized that a lessor who breaches this obligation by interfering with the lessee's possession is liable for the damage that results. Creole Corp. v. McMillan, 379 So.2d 805 (La.App. 4th Cir.1980); Regan v. Carr, 343 So.2d 1125 (La.App. 3rd Cir.1977), writ denied 346 So.2d 207 (La.1977). Likewise, a lessor who allows one of his lessees to disturb the possession of his other lessees has also breached the obligation. Credithrift of America, Inc. v. Sinclair, 430 So.2d 822 (La.App. 5th Cir.1983); Gayle v. Auto-Lec Stores, 174 La. 1044, 142 So. 258 (1932). However, the lessor is not responsible for disturbances of his lessee's possession that are caused by trespassers over whom he has no control. Credithrift of America, Inc. v. Sinclair, supra.
Applying these principles to the present case we hold that the trial court was correct in finding defendant, Harold Castille, liable for breaching his duty as a co-lessor to maintain Moity in peaceable possession of the leased property. The trial judge also found from the evidence that defendant, Harold Castille, knew of and consented to the actions of defendant, Richard Castille, in interfering with Moity's peaceable possession of the leased property. Apparently the trial judge made this finding of fact based on the testimony of Richard Castille. Defendant, Harold Castille, argues that he did not know what Richard Castille did when he went on the leased property. Appellate courts must give great weight to the conclusions reached by the trier of fact, and where there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on appeal absent clear error. Bren Lynn Corp. v. Valliere, 434 So.2d 600 (La.App. 3rd Cir.1983) and cases cited therein. We do not find that the trial judge's evaluations of credibility and inferences of fact in evaluating the testimony, even if there is a conflict, are clearly wrong.
Where one co-lessor has disturbed the lessee's peaceable possession, both co-lessors are guilty of breaching the lessor's duty and both are liable for the resulting damage. Whether or not Richard Castille was the agent of Harold Castille and acting on his behalf or whether Harold Castille knew of and ratified Richard Castille's actions is of no moment insofar as their lessee is concerned. A breach of the obligation of peaceable possession by one co-lessor is a breach by all of the lessors as all of the lessors owe a right of peaceable possession to their lessee.
We now turn to the defendants' contention that the trial judge erred in awarding Moity $2,500.00 in damages for loss of use of the leased property. The defendants argue that the $2,500.00 award for damages is unsupported by the evidence and should be reversed or, alternatively, reduced. A trial judge's assessment of damages is a finding of fact which cannot be overturned on appeal absent manifest error. As we have said in Reck v. Stevens, 373 So.2d 498, 500 (La.1979), quoting from Coco v. Winston Industries, Inc., 341 So.2d 332, 335 (La.1977):
"[b]efore a Court of Appeal can disturb an award made by a trial court that the record must clearly reveal that the trier of fact abused its discretion in making its award. Only after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court. It is never appropriate for a Court of Appeal, having found that the trial court has abused its discretion, simply to decide what it considers an appropriate award on the basis of the evidence." Reck v. Stevens, supra, at page 500.
*507 With the appropriate standard of review in mind, we now must determine whether the record clearly indicates that the trial court abused its discretion in making its award of damages. Moity admitted that he had never made a profit raising cattle on the land even in the years when his possession was undisturbed. As a result the trial court did not award damages for loss of profit. The trial court did, however, find that Richard Castille's unlawful actions effectively prohibited Moity access to and use of the leased property. Thus the $2,500.00 award for damages was granted solely to compensate Moity for the loss of the use of the leased property.
The question before this court is whether the record indicates that the trial court manifestly erred in valuing the loss of use of the leased property at $2,500.00. We find that the record is entirely void of any evidence which supports an award of $2,500.00 for the loss of use of the leased property. The yearly rental for the leased property was only $200.00. Moity introduced no expert or lay testimony which estimated the value of the right to use a 45 acre tract of land to pasture cattle. There is no evidence that Moity incurred any expenses as a result of the defendants' breach of the lease. As set forth above, Moity was unable to prove any lost profits. Furthermore, a review of the record indicates that Moity did not even have cattle on the land during the time in question. One of Moity's employees, Clarence Alford, testified that they removed all cattle from the leased property sometime after 1975. Romero testified that he helped tend the cows, yet he couldn't remember how long it had been since Moity actually raised cattle on the property. Gordy Borque lives 100 to 200 feet from the leased property and testified at the trial in February 1984 that he hadn't seen cattle on the land in 6 or 7 years. Another neighbor, Carol Poche, testified that he hunts along the property's boundary fence every year and he stated that he hasn't seen cattle on the land since 1976. When questioned on cross-examination specifically about the year 1980, he stated that he was "positive" that there was no cattle on the land during the year 1980. Under these circumstances we find that the $2,500.00 award for damages is manifestly in error and excessive.
Having found that the award is excessive and a clear abuse of the trial court's discretion, we must lower the award to the highest appropriate amount which could be awarded in the discretion of the trial court and which is supported by the record, Reck v. Stevens, supra. Since the yearly rental was only $200.00 for the leased property, since Moity suffered no expenses as a result of the disturbance of his possession, and since it appears that Moity stopped raising cattle on the land several years prior to the disturbances, we find that $1,000.00 was the highest amount reasonably within the discretion of the trial court to award as adequate compensation to Moity for the disturbance of his possession of the leased property.
Finally, the defendants contend that they are entitled a credit for the unpaid annual rentals for the last three years of the lease. The trial judge found that Moity tendered payment at the address of the defendants' deceased mother, which was the address he had always used for mailing the yearly rent check. Although Moity admitted tendering the rental payments, the checks were never received and cashed by the defendants. Thus the defendants are entitled to a credit of $600.00 representing the unpaid rent for the last three years of the lease. See Creole Corp. v. McMillan, 379 So.2d 805 (La.App. 4th Cir.1980).
Accordingly, the trial court judgment is amended to award judgment in favor of plaintiff, Warren J. Moity, Sr., and against defendants, Richard J. Castille and Harold Castille, in solido, for damages in the sum of $1,000.00, subject to a credit of $600.00 in favor of defendants, Richard J. Castille and Harold Castille. All costs of the proceedings are to be paid by defendants-appellants.
AMENDED AND AFFIRMED.