687 So.2d 98 (1995)
ESSEN DEVELOPMENT
v.
Penny MARR.
No. 95 CA 1344.
Court of Appeal of Louisiana, First Circuit.
November 30, 1995.
*99 David L. Guerry, Baton Rouge, for Plaintiff-Appellant, Essen Development.
Deborah E. Lamb, Baton Rouge, for Defendant-Appellee, Penny Marr.
Before SHORTESS, PARRO and KUHN, JJ.
PER CURIAM.
This is an appeal from a February 8, 1995, judgment of the district court in favor of appellee, Penny Marr, on her reconventional demand for failure to provide peaceable possession of leased premises, and against appellant, Essen Development, in its suit against Marr for breach of lease by abandonment. For the following reasons, we affirm.
On August 1, 1991, Marr entered into a six month residential lease with Essen. The lease was renewed for another six months on February 1, 1992. The later lease contains the handwritten notation "`No Pets' Penny Marr." Marr paid her rent for the months of February, March, April, and May, 1992, but not for June and July, 1992. Essen filed suit against Marr, alleging abandonment without thirty day notice, and seeking rental payments for June and July, 1992, and Marr's security deposit. Marr responded that prior to renewing the lease she gave notice of vacating the premises to Essen due to a neighboring tenant's housing of a dog which made her (Marr's) apartment "unbearable to live in." Marr alleged Essen agreed to have the tenant dispose of the dog, but did not fulfill this agreement. The matter proceeded to trial.
After hearing the testimony of the parties and six witnesses, the district court rendered oral reasons for judgment and stated a landlord has an obligation to keep a tenant in peaceable possession and to protect the tenant from any disturbance which would make the premises uninhabitable; Marr offered the defense she moved out of her apartment because of dog barking "so frequent and to such intensity it made the living there unbearable"; the owner of the dog testified the dog did not bark while she was there, but she was not there all of the time; Marr testified she repeatedly made complaints to the office about the dog, and this testimony had not been contradicted in the least; based upon the court's observation of Marr and her father, the court had no reason to reject their testimony, and the court assigned credibility to their statements; Marr's father testified he visited his daughter's apartment, and "that he spent one night there and he never would come back and spend another night because the dog barked so much he couldn't sleep"; Marr's father did not impress the court or give the court any reason to believe he was deliberately perjuring himself merely because his daughter was a party to the litigation; the court was convinced Manmade repeated requests to the office; the fact the requests did not get back to Mr. Smith (appellant's managing partner) was probably due to some glitch in his system; the argument Marr moved out because she could not pay the rent was contradicted by the fact she paid the rent for two months after she moved out; the court was convinced Marr was justified in leaving because the lessor failed to maintain her in peaceable possession of the premises; the court rendered judgment to that effect; Marr was entitled to a refund of her deposit and two month's rent which she had paid although she had not occupied the premises; the court found no evidence of fraud in the case; and Essen was cast for court costs.
Essen files this appeal challenging the district court's rulings. We affirm.
The lessor is bound from the very nature of the contract, and without any clause to that effect, to cause the lessee to be *100 in a peaceable possession of the thing during the continuance of the lease. La.Civ.Code art. 2692. A lessor who allows one of his lessees to disturb the possession of his other lessees breaches his obligation to maintain the lessee in peaceable possession. Moity v. Castille, 469 So.2d 503, 506 (La.App. 3d Cir. 1985).
A trial court's findings of fact may not be set aside by an appellate court unless they are manifestly erroneous. Where there is conflict in the testimony, an appellate court may not disturb a trial court's reasonable evaluations of credibility and reasonable inferences of fact. Where there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. When findings are based on determinations regarding the credibility of witnesses, only the fact finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
The district court's finding that Marr's peaceable possession of the apartment leased from Essen was disturbed by her neighbor's barking dog is reasonable in light of the record reviewed in its entirety, and is based on a permissible view of the evidence. We find no basis upon which to disturb this finding or the district court's consequent awards to Marr.[1]
In regard to Essen's challenge to the district court's assessment of costs against it, we note that, "[e]xcept as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable," La.Code Civ.P. art. 1920, and that the trial court has broad discretion in assessing court costs. Earles v. Ahlstedt, 591 So.2d 741, 747 (La.App. 1st Cir.1991). We do not find the district court's decision to cast Essen with costs to be inequitable or an abuse of the court's much discretion, and, therefore, we will not disturb this decision.
For the foregoing reasons, the February 8, 1995, judgment of the district court hereby is affirmed at Essen's cost.
AFFIRMED.
NOTES
[1] The trial court awarded Marr two months rent. However, there is no dispute she did not pay rent after she had moved. Our examination of the record convinces us that the amount awarded is a reasonable sum to compensate Marr for the damages she sustained as a result of the breach of Essen's duty to provide peaceable possession.